No. 10,034.

MATTINGLY v. PAUL.

PRACTICE.—*Trial.*—*Setting Aside Submission.*—A cause was submitted to the court, without a jury, for trial. After the evidence was concluded, the court, of its own motion, set aside the submission, and another trial resulted in a verdict and judgment for the plaintiff.

*Held,* on appeal by the defendant, that this was irregular, but could not deprive the plaintiff of the right to a trial of his cause.

SAME.—*New Trial.*—*Supreme Court.*—Such action of the court, not being assigned as cause for a new trial, is not available error.

JUDGE PRO TEM.—On change of venue for objection to the judge, a competent attorney was, by agreement, appointed to try the cause, but it did not appear by the record that he accepted the appointment, or acted. At a subsequent term the judge of another circuit was appointed, who tried the cause without objection.

*Held,* that there was no available error.

CHATTEL MORTGAGE.— *Conversion.*— *Evidence.*— *Replevin.* — *Demand.* — A mortgagee of a chattel called upon the purchaser of the property and asked that it be given up to him. A meeting was fixed for the next day when the mortgage debt was to be paid or the property delivered, but the purchaser failed to do either.

*Held*, that this was sufficient proof of a conversion, and all that was needed.

SAME.—*Indemnifying Surety.*—*Right to Possession of Property.*—*Payment.*— Where a chattel mortgage given to indemnify a surety is conditioned that the latter shall be entitled to the possession of the property if the debt be not paid at maturity, payment by the surety is not necessary to give him the right to possession.

From the Tipton Circuit Court.

*J. Green* and *J. N. Waugh*, for appellant.

*R. B. Beauchamp* and *G. H. Gifford*, for appellee.

MORRIS, C.—This suit was brought by the appellee against the appellant to recover the possession of a mare, particularly described in the complaint, which is in the usual form in actions of replevin.

The appellant answered by the general denial. The cause was, by agreement of parties, submitted to the court for trial, at its November term, 1880. The court heard the evidence, and then took the case under advisement until the next term. At the February term of the court the appellee moved the court for permission to introduce further evidence to show that a chattel mortgage on the mare in controversy, which he had put in evidence, and under which he claimed the right to the possession of the property in dispute, had been properly recorded. The court overruled the motion, and then, of its own motion, and without having made any finding upon the facts proved, set aside the submission of the cause for trial at the costs of the appellee, to which the appellant excepted.

The appellant filed an affidavit for a change of venue from the judge. The affidavit is not in the record. The record states that the change was granted, and that, by agreement of parties, David Moss, a competent and reputable attorney of the court, was appointed to try the cause.

At the next term of the court Judge Overman, as the record states, having been engaged as counsel in a number of causes then pending in said court for trial, appointed E. B. Goodykoontz, judge of the 24th Judicial Circuit of the State, to preside and try said causes at the April term, 1881, of said court,

and also to try and determine any other business of said court, in the absence of Judge Overman, that might appear to be urgent or of great importance.

On the 22d judicial day of said term, the above parties appeared in court before Judge Goodykoontz, and, without objection, proceeded to try the cause before him. The evidence was heard and the judge found for the appellee. The appellant moved for a new trial, for the following reasons:

1. The finding is not supported by sufficient evidence.

2. The finding is contrary to law, and not supported by sufficient evidence.

The court overruled the motion. The appellant then moved in arrest of judgment, on the ground that it was not supported by sufficient evidence. This motion was overruled, and judgment rendered in favor of the appellee. The errors assigned are as follows:

1. The court erred in setting aside the submission, after hearing the evidence and argument, on its own motion.

2. In taking jurisdiction of and trying the cause as a special judge, after the order of the presiding judge assigning the cause to another special judge.

3. In overruling the motion for a new trial.

4. In overruling the motion in arrest of judgment.

5. In finding for the appellee on the indemnifying mortgage without proof of a previous demand.

We will consider the errors in the order in which they are assigned.

1. The setting aside of the submission of the cause by the court, of its own motion, without solicitation by either party, was not a final disposition of the case, and could not, if erroneous, deprive the appellee of his right to a trial of his cause. There was no finding by the court, and, upon the setting aside of the submission of the cause, it stood for trial just as it would if no submission had been made. The proof which the appellee asked permission to introduce upon the question as to

the recording of the mortgage might have been received by the court in its discretion, and the submission was, we infer, set aside in order to give the appellant an opportunity, upon another hearing, to make such proof. This may have been irregular, but the irregularity could not defeat the appellee's right to a trial of his cause. Besides, the question is not properly before us. It is not one of the causes assigned for a new trial. If there was error in this respect, it can not avail the appellant.

2. There is nothing in the second error assigned. Judge Goodykoontz, under his appointment, was competent to hear and determine the cause by agreement of the parties. As they appeared and submitted the cause to him for trial without objection, they must be held to have waived the right to have their case tried by the attorney appointed and agreed upon for that purpose; besides, the record does not show that the attorney appointed had agreed to accept the appointment, or that he had in any way acted upon it. It will be presumed, in view of the conduct of the parties, and in support of the action of the court, that the attorney appointed to preside at the trial of the cause had declined or failed to act. We think that, in this respect, there was no error.

3 and 5. The third and fifth errors assigned are the same. We think there was no error in overruling the motion for a new trial. The appellee testified that a short time before the commencement of the suit, and after the debt which the mortgage was given to secure had become due, he called upon the appellant, told him he had a mortgage on the mare, that he had come for her, and asked him if he would give her up. The appellant said he would meet the appellee at a particular place the next day and fix up the matter or deliver to him the mare. This he failed to do. The facts thus testified to showed a conversion of the property by the appellant, and this was all that, in this respect, was necessary to sustain the action. The appellee says that in the early part of March, 1880, he saw the mare in appellant's possession in Tipton county. This proof

the appellant insists was not sufficient to show that the mare was detained in the county at the time the suit was commenced —that is, on the 13th of March, 1880. We think the proof upon this point was sufficient. It will not be presumed that the property was removed from the county. The presumption is the other way. Possession of the property was not obtained by the appellee, and if proof of its detention in Tipton county was necessary, we think the testimony of the appellee legally tended to establish the fact. This being so, the finding of the court will not be disturbed. It is also insisted that the evidence does not show that the appellee had paid the note for which he was liable as surety, against which liability the mortgage was intended to indemnify him. We think the testimony tended to prove that the appellee had paid said note before this suit was commenced; but this is not material, as the mortgage expressly provides that if Clark, who then owned the mare and gave the mortgage, did not pay the note at maturity, the appellee should be entitled to the possession of the mare.

4. There is nothing in the fourth error assigned. The fact that the judgment was not sustained by sufficient evidence is not a cause for arresting the judgment, but, if it was, we think that the evidence tended to support the finding of the court. This question has already been disposed of. There is no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.