## JOHN C. PAYNE *v.* THE STATE.

1. DYING DECLARATIONS. *Other evidence of same facts.*
   Dying declarations are admissible in evidence, although the facts which they tend to establish may be proved by other testimony.

2. SAME. *Opinion or inference.*
   The declarant's assertion that the accused shot him without cause is not an inference or opinion, but his statement of fact, and is admissible in evidence.

APPEAL from the Circuit Court of DeSoto County.

HON. A. T. ROANE, Judge.

The appellant was indicted for the murder of Joseph M. Hawkins and convicted of manslaughter. The only witness of the

11

occurrence testified that Hawkins was sitting near the door of his place of business about dusk one evening, when Payne rode up and requested an interview; that Hawkins declined to talk with him upon the ground that he was drunk, and Payne, getting angry at the charge, cursed Hawkins; that after some altercation Hawkins rose and stated that if Payne wanted a difficulty he would stamp him, and the witness, anticipating a fight with pistols from the actions of the parties, turned and walked away to avoid being shot; two shots were fired, and he faced around and saw Hawkins holding by the back the chair on which he had been sitting; that Hawkins then said that Payne had shot him, and told the witness to go for a doctor; that in compliance with this request he sent a negro, whom he found fifty yards from the store, and returning found Hawkins in the house with some of his garments off, and that the witness assisted him to undress; that it was too dark for him to see whether Payne or Hawkins had a pistol at the time the latter was shot. Under the appellant's objection, the State had witnesses to testify that Hawkins seven hours after he was wounded, and fifteen hours before his death, and after making his will, stated that he would die, that it was a mere question of time, that "John Payne ought not to have shot him, that he shot him without any cause whatever," and then the wounded man turned over and said that he was suffering. The appellant then testified in his own behalf that he could not see how Hawkins was armed, but he believed from his words and actions that he was about to kill him, and shot in defense against the supposed attempt on his life.

  *White & Morgan*, for the appellant.

The declaration did not purport to give the facts connected with the killing, but only the inference or opinion of the wounded man. This was not admissible. *Mose* v. *State*, 35 Ala. 421; *Ben* v. *State*, 37 Ala. 103; 1 Greenl. Evid. § 159; 1 Phill. Evid. 297; Roscoe Crim. Evid. 27, 33. The State had another witness, by whom the facts attending the homicide were proved, and this was enough to exclude the dying declaration. Another rule is that the statement must be of facts, such as the witness could testify to if upon the stand. It cannot be successfully contended that if Haw-

kins had been on the stand he would have been allowed to express his inferences from the facts. The case of *Whitley* v. *State*, 38 Ga. 70, is directly in point. There the attempt to characterize the killing by means of dying declarations was not permitted to succeed. Such a declaration of opinion was rejected in the case of *State* v. *Williams*, 67 N. C. 12. The facts in the case of *Wroe* v. *State*, 20 Ohio St. 460, are unlike the facts in this case. There the person who shot was unknown, and the expression of the dying man merely emphasized this fact.

*T. S. White*, on the same side, argued the case orally.

*T. C. Catchings*, Attorney General, for the State, argued orally and in writing.

The declaration in this case is like the one objected to in the case of *Wroe* v. *State*, 20 Ohio St. 460. The dying man there stated that "it was done without any provocation on his part." Objection that this was a mere expression of opinion was overruled and the declaration held admissible. In the case at bar the whole expression is equivalent to a statement of the fact, that the declarant did nothing to provoke the shooting. There was no eye-witness to the act of killing. A man who was present while the parties talked, turned away before the shots were fired. The defendant is the only person who testified as to how and why the homicide was committed. Dying declarations are not inadmissible in cases where there are other witnesses, but if this were the rule, it would be inapplicable to the facts of the present case. In view of the defendant's testimony, the dying man's words were properly admitted in evidence.

CAMPBELL, C. J., delivered the opinion of the court.

It is not a valid objection to the admission of dying declarations that the facts sought to be established by them may be proved by other witnesses than the decedent. Such declarations are admissible only as to the circumstances of the killing and are restricted to a statement of facts, and opinions and inferences are to be excluded, but the dying declaration admitted in this case was of a fact and not an opinion or inference of the declarant. It was that

the defendant shot him without cause. It was not error to admit this declaration. *Wroe* v. *State*, 20 Ohio St. 460.

Judgment affirmed.