THE STATE, *Appellant*, v. BLACKSTONE.

Division Two, May 2, 1893.

1. **Constitution:** STATUTE: TITLE.  Constitution, article 4, section 28 which provides that "no bill shall contain more than one subject, which shall be clearly expressed in the title," only requires that the title be so comprehensive as to embrace all matters incident and germane to the one subject which the bill contains.

2. ———— ————: ————: GAMING IN DRAMSHOPS.  The title of the act of the legislature approved June 17, 1889, relating to gaming in dramshops, *held*, sufficient.

*Appeal from Butler Circuit Court.*—Hon. J. G. Wear, Judge.

Reversed and remanded.

The defendant was indicted for, that, being a dramshop-keeper, he set up, kept and used in and about the premises of his dramshop, and *"run,"* in connection with such dramshop, a pool table, etc., etc.

The indictment is based on section 1 of laws, 1889, p. 104, now section 4597, Revised Statutes, 1889. The section as originally enacted, so far as necessary to quote it, and its title, are as follows:

"Dramshops: Gambling devices in. An act to prevent any dramshop-keeper from keeping or permitting to be kept in or about his dramshop certain musical instruments, any billiard, pool or other gaming table, bowling or ten-pin alley, cards, dice or other device for gaming or amusement.

"Section 1. Dramshops not to keep gaming tables, etc. Penalty. Be it enacted by the general assembly of the state of Missouri as follows: (Section 1.) A dramshop-keeper shall not keep, exhibit, use or suffer to be kept, exhibited or used, in his dramshop, any piano, organ or other musical instrument whatever, for the purpose of performing upon or having the same performed upon in such dramshop, nor shall he permit any sparring, boxing, wrestling or other exhibition or contest or cock fight in his dramshop; and it shall be unlawful for any dramshop-keeper to set up, keep, use, or permit to be kept or used in or about the premises of his dramshop by any other person, or run or to be run in connection with such dramshop in any manner or form whatever, any billiard table, pool table or other gaming table, bowling or ten-pin alley, cards, dice or other device for gaming or playing any game of chance;

and the keeper of such dramshop shall not permit any person in or about his dramshop to play upon any such table or alley, or with cards dice or any gaming device of any kind. Every person violating the provisions of this act shall be guilty of a misdemeanor, etc."

A demurrer questioned the sufficiency of the indictment on the ground of the unconstitutionality of the statute; the demurrant was successful, and the state appeals.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment charges defendant with a violation of the statute prohibiting the keeping of a pool table in a dramshop, and the facts alleged in the indictment constitute that offense. Revised Statutes, 1889, sec. 4597. (2) The act under which the indictment is drawn is not repugnant to section 28, article 4 of the constitution. *Ewing v. Hoblitzelle*, 85 Mo. 64; *State v. Pond*, 93 Mo. 606; *State v. Miller*, 100 Mo. 439.

*C. D. Yancey* for respondent.

The legislature cannot set out one or more things in the title of an act and then set in other and wholly different things in the body of the act where such other things are neither germane nor *ejusdem generis*. Constitution, article 4, section 28. There is neither sameness nor similitude between music and cock-fighting.

SHERWOOD, J.—Section 28 of article 4 of our constitution provides that: "No bill shall contain more than one subject which shall be clearly expressed in its title." This section is the one which is claimed to have been violated by the statute quoted. Contention is made that the act is void because though *"musical*

*instruments* are referred to in the title, *sparring, boxing, wrestling* and *cock-fighting* are 'not."

Webster defines *"device"* as the synonym of *"contrivance,"* which is also defined as a "thing contrived, invented or planned." Applying to the title of the act in hand this definition, we find that there is but one subject contained in the bill, to-wit, "Dramshops," and that the things in the title prohibited in a dramshop are musical instruments, billiard, pool or other gaming tables, bowling or ten-pin alleys, cards, dice or other device (thing planned or contrived, for gaming or amusement." It is a matter of common information, and therefore one of which judical notice may be taken, that sparring, boxing, wrestling and such like exhibitions or contests and cock-fighting are employed not only as a species of gaming, but also as a species of amusement. Consequently such things fall within the purview of the title of the act and are not therefore obnoxious to constitutional objections.

And even if the title of the act were less clear than it is in this regard the act might still stand the test and be held constitutionally valid. For instance in *State ex rel. v. Mead*, 71 Mo. 266, the title 'of the act was: "An act to amend and revise chapter 2, title 2 of the general statutes of Missouri concerning popular elections," and it was there held that a section of that act which authorized temporarily occurring vacancies in elective offices to be filled by gubernatorial appointment, being germane to the subject of elections, and having an obvious connection and congruity with the idea expressed in the title did not fall under the ban of the constitution. Numerous authorities in this state and elsewhere support this view. The constitution does not require that the title of an act should descend to minute detail and thus anticipate the body of the act; it is sufficient if the title be so comprehensive as to

For the reasons aforesaid, we reverse the judgment and remand the cause.   All concur.