## LANE v. THE STATE.

[No. 18,681.   Filed November 29, 1898.]

| 151 | 511 |
| 155 | 343 |
| 151 | 511 |
| 164 | 274 |

CRIMINAL LAW.—*Indictment.*—A charge in an indictment that defendant killed and murdered the deceased by shooting at and against him with a gun loaded with powder and leaden balls amounts to a direct charge that the deceased died, and that the cause of his death was defendant's acts as alleged in the indictment.  *pp. 512, 513.*

SAME.—*Pleading.—Certainty.*—Under the code of criminal procedure of this State no more certainty is required in criminal than in civil pleading.  *p. 513.*

INSTRUCTIONS.—*Appeal and Error.—Bill of Exceptions.—Criminal Law.*—No question can be presented on appeal concerning the action of the court in giving or refusing to give instructions, unless the bill of exceptions affirmatively shows that it contains all of the instructions given.  *pp. 513, 514.*

CRIMINAL LAW.—*Instructions.—How Brought Into the Record.*—Instructions to the jury in a criminal cause can only be brought into the record by bill of exceptions.  *p. 514.*

SAME.—*Evidence.—Dying Declarations.*—No question is presented on an assignment that the court erred in admitting a certain portion of a dying declaration where the motion for a new trial called in question the action of the court in admitting such declaration as an entirety, but did not call in question the action of the court in admitting the part of the dying declaration complained of on appeal.  *pp. 514, 515.*

EVIDENCE.—*Motion to Strike Out.—Practice.*—A motion to strike out the evidence of a witness for reasons different from those interposed when the evidence was introduced is properly overruled.  *pp. 515-516.*

SAME.—*Dying Declarations.—Criminal Law.*—Dying declarations, although made at different times, are admissible in evidence, and the fact that the declaration made at one of the times was reduced to writing and signed by the declarant will not render those made at other times inadmissible.  *pp. 515, 516.*

EVIDENCE.—*Weight of.*—*Criminal Law.*—Where there was evidence from which the jury had the right to find the defendant guilty as charged, the Supreme Court will not disturb the verdict. *p. 516.*

From the Clinton Circuit Court. *Affirmed.*

*W. R. Moore* and *W. H. Everroad*, for appellant.

*W. A. Ketcham*, Attorney-General, *Merrill Moores* and *William F. Palmer*, for State.

MONKS, C. J.—Appellant was tried and convicted of the crime of murder in the first degree, and his punishment assessed at imprisonment for life. It is insisted that the court erred in overruling appellant's motion to quash the indictment, for the reason that the indictment does not show that the death of Thomas Good was caused by the alleged act of appellant. The indictment charges "that one Robert Lane, on the 20th day of October, 1897, at said county of Clinton, and State of Indiana, did then and there unlawfully, feloniously, purposely, and with premeditated malice, unlawfully kill and murder Thomas Good, by then and there feloniously, purposely, and, with premeditated malice shooting at and against the said Thomas Good with a gun, which was then and there loaded with powder and leaden balls." The indictment charges in clear and unmistakable terms that appellant killed and murdered Thomas Good by shooting at and against the said Good with a gun loaded with powder and leaden balls, and this is certainly a direct averment that Good died, and that the cause of death was appellant's acts, as alleged in the indictment. *Wood* v. *State*, 92 Ind. 269, 270; *Meiers* v. *State*, 56 Ind. 336, 342; *Welch* v. *State*, 104 Ind. 347, 348. The offense charged, "murder in the first degree," is clearly set forth in plain and concise language, without unnecessary repetition, and is stated with that degree of certainty that the court may pronounce judgment upon a conviction accord-

ing to the right of the case, as required by the fourth and fifth clauses of section 1824, Burns' R. S. 1894 (1755, Horner's R. S. 1897).

Under the code of criminal procedure in this State no more certainty is required in criminal than in civil pleading; all that is required is that the averments be certain to a common intent. *Meiers* v. *State, supra; McCool* v. *State,* 23 Ind. 127, 129; *State* v. *Jenkins,* 120 Ind. 268, 269; *State* v. *Hopper,* 133 Ind. 460, 464; Gillett's Criminal Law (2nd ed.), section 125. Appellant insists, however, that the allegation "that appellant killed and murdered Thomas Good," is simply a conclusion. In *Bechtelheimer* v. *State,* 54 Ind. 128, there was no specific allegation in the indictment that the death of the deceased was caused by the alleged wrongful acts of the appellant, and objection was made to the indictment for that reason. Upon that question this court said, at p. 133, "It is, however, alleged that the appellant and Young, 'by the means aforesaid,' that is, by the administration of poison, 'did kill and murder her.' If this allegation is true, the woman is dead, for the word murdered, *ex vi termini,* imports death. *Cordell* v. *State,* 22 Ind. 1. If the allegation is true, moreover, she died by means of the administration of the poison. This objection is not well taken." There is no defect or imperfection in the indictment which tends to prejudice the substantial rights of the defendant upon the merits of the case. Section 1825, Burns' R. S. 1894 (1756, Horner's R. S. 1897). The court did not err in overruling the motion to quash.

A number of causes for a new trial are assigned, calling in question the action of the court in giving certain instructions to the jury and in refusing to give each of the instructions asked by appellant. In

order to present any question concerning the action of the court in giving or refusing to give instructions, the bill of exceptions must affirmatively show that it contains all of the instructions given by the court to the jury. *Musgrave* v. *State*, 133 Ind. 297; *State* v. *Winstandley, ante*, 316; *Hannan* v. *State*, 149 Ind. 81, 83; *Reynolds* v. *State*, 147 Ind. 3, 12; *Robb* v. *State*, 144 Ind. 569, 572; *Forsyth* v. *Wilcox*, 143 Ind. 144, 151; Elliott's App. Proc. Sec. 722. The bill of exceptions in this case does not affirmatively show that it contains all of the instructions given to the jury; on the contrary, it affirmatively shows that it does not contain all the instructions given to the jury. No question is presented, therefore, by said specification for a new trial. It is true that a number of instructions are set out in the transcript, as well as an order of the trial court making them a part of the record, and it is recited therein, that said instructions were given to the jury by the court; but this does not make said instructions a part of the record, for the reason that in a criminal case instructions can only be brought into the record by a bill of exceptions. *Bealer* v. *State*, 150 Ind. 391, 392, and cases cited; *Graybeal* v. *State*, 145 Ind. 623, and cases cited.

It is insisted that the court erred in admitting in evidence a dying declaration of Thomas Good, which was reduced to writing, and signed by him. Counsel for appellant, in their brief, do not insist that the court erred in admitting the dying declaration as an entirety, but that the part which reads as follows, "I made no attempt to injure him," should have been excluded by the court. Two causes for a new trial call in question the action of the court in admitting such dying declaration as an entirety, but do not call in question the action of the court in admitting the part of said dying declaration complained of in this

court. No question, therefore, is presented to this court concerning the admissibility of the part of said dying declaration above quoted. The same was however clearly admissible under the doctrine declared by this court in *Boyle* v. *State*, 97 Ind. 322, 327, 328, and in *Boyle* v. *State*, 105 Ind. 469, 470-475, 55 Am. Rep. 218, and cases cited. See, also, *Wroe* v. *State*, 20 Ohio St. 460; *Roberts* v. *State*, 5 Tex. App. 141; *Payne* v. *State*, 61 Miss. 161; *State* v. *Nettlebush*, 20 Iowa, 257; *Sullivan* v. *State*, 102 Ala. 135, 15 South. 264, 48 Am. St. Rep. 22; *State* v. *Black*, 42 La. Ann. 861, 8 South. 594; *Rex* v. *Scaife*, 1 Moody & R. 551.

During the progress of the trial, one Warren, a witness for the State, testified to certain statements made to him by the deceased after he received the fatal wound, concerning who shot him, and the circumstances immediately connected therewith. Appellant objected to the evidence on the ground that it had not been shown that the deceased, when he made said statements to the witness, had abandoned all hope of recovery, and believed that death was near at hand. We cannot say the preliminary proof was not sufficient to authorize the trial court to find that the deceased, when he related to the witness Warren the circumstances immediately connected with his injury, believed that his death from the wounds received was not only certain, but that it was near at hand. Under such circumstances, dying declarations are admissible in evidence. Underhill on Ev., section 103; Gillett's Indirect & Col. Ev., section 195. After the witness Warren had testified, and left the witness stand, and a number of other witnesses had testified, appellant moved the court "to strike out and withdraw the evidence of said Warren as to the dying declaration of Good, the deceased, and direct the jury to disregard the same, for the reason that the statement

of the deceased, testified to by Warren, was prior and anterior to the one afterwards made by the deceased, which latter statement was reduced to writing and signed by the deceased, and was read to the jury as the dying declaration of the deceased." This motion was overruled by the court. It is settled that a motion to strike out and withdraw the evidence, or any part of the evidence of a. witness, for reasons different from those interposed when the evidence was offered and introduced, is properly overruled. *Bingham* v. *Walk*, 128 Ind. 164, 172, 173; *Newlon* v. *Tyner*, 128 Ind. 466, 468-471; *Cleveland, etc., R. W. Co.* v. *Wynant*, 134 Ind. 681, 694. If the objection to said evidence presented by said motion had been made when the evidence was offered, the motion was properly overruled, because if dying declarations are made at different times all are admissible, and the fact that the dying declaration made at one of the times was reduced to writing and signed by the declarant will not render those made at other times inadmissible. *People* v. *Simpson*, 48 Mich. 474, 478; *Krebs* v. *State*, 8 Tex. App. 1, 27-29; 6 Am. & Eng. Ency. of Law, 134; Underhill's Cr. Ev., section 112; Wharton's Crim. Ev., section 295. Appellant insists that the verdict is not sustained by the evidence. There was evidence from which the jury had the right to find the defendant guilty as charged, and although there was a conflict, we cannot, under the well settled rule, weigh the evidence. *Shields* v. *State*, 149 Ind. 395, 412, and cases cited. No available error appearing in the record, the judgment is affirmed.