## MALEY v. CLARK ET AL.

[No. 5,231. Filed May 13, 1904.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Remonstrance.*—To render a remonstrance, under §3623a Burns 1901, to a street improvement effective, it must be signed by two-thirds of the property owners who reside upon lots which abut on the improvement, and who also represent two-thirds of the number of lineal feet of the improvement. *pp. 149–151.*

STATUTES.—*Construction.*—*Punctuation.*—The words used in a statute are to be considered first, and if they convey a clear, definite, and sensible meaning, without ambiguity, that meaning can not be enlarged, restricted or perverted by punctuation. *pp. 151, 152.*

From Fayette Circuit Court; *F. S. Swift*, Judge.

Suit by Thomas Maley against Thomas J. Clark and others, as mayor and members of the common council of the city of Connersville, to enjoin the awarding of a contract for a street improvement. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*D. W. McKee, J. I. Little, H. L. Frost, Reuben Conner* and *Lon Conner,* for appellant.

*L. L. Broaddus* and *G. C. Florea,* for appellees.

BLACK, J.—The appellant, in his complaint against the appellees, who were the mayor and the members of the common council of Connersville, a city of less than ten thousand inhabitants, sought to enjoin the appellees from awarding a contract for the improvement of a certain portion of one of the streets of the city, the appellant, the owner of a lot on which he resided adjoining the portion of the street to be improved, and other lot owners, having remonstrated against the improvement. The complaint showed that the common council had voted to accept the bid of a person named for the making of the improvement,

but that the city had not yet entered into a contract therefor.    It was shown by averments of facts, amongst other things, that prior to the acceptance of the bid the remonstrance was filed with the clerk of the city, and, by order of the mayor, was read before the council, and that the remonstrators owned more than two-thirds of the lineal feet of the real estate abutting upon the part of the street to be improved, and that the remonstrators were more than two-thirds of the property owners residing upon the real estate abutting upon the proposed improvement, but that the remonstrators who thus resided upon their respective lots abutting upon the proposed improvement did not own or represent two-thirds of the lineal feet of all the real estate abutting upon the proposed improvement.   The court sustained a demurrer to the complaint for want of sufficient facts, and the correctness of the ruling depends upon the proper construction of the second proviso of section one of the act of March 11, 1901 (Acts 1901, p. 534, §3623a Burns 1901), which proviso reads as follows: "Provided, that nothing herein contained, shall prevent any property owner whose lands shall be assessed for the improvement of any street, to remonstrate against said improvement at any time before the letting of · the contract, and if the remonstrance is signed by two-thirds of the property owners, residing upon the lots abutting on such improvement, and representing two-thirds of the number of lineal ·feet of such improvement, then all further proceedings shall be abandoned."

It is contended on behalf of the appellant, "that all that is necessary to make the remonstrance effectual is that it be signed by the requisite two-thirds of the property owners residing on abutting lots, and that the signers to said remonstrance shall represent two-thirds of the number of lineal feet of such improvement."   The statute recognizes a right to remonstrate as belonging to any property owner whose lands shall be assessed for the improvement; but the

legislature has left the consideration of the remonstrance and the determination thereon to the common council, by which the remonstrance is to be regarded as advisory, unless a specified combination of incidents characterizes the remonstrance, the existence of which renders the remonstrance peremptory, through the command of the legislature that all further proceedings shall be abandoned. The remonstrance is of such peremptory character if it "is signed by two-thirds of the property owners, residing upon lots abutting on such improvement, and representing two-thirds of the number of lineal feet of such improvement." The persons whose signatures can make the remonstrance peremptory must be two-thirds of those property owners who reside upon lots which abut on the improvement, and who also represent two-thirds of the number of lineal feet of the improvement. The word "residing" and the words "and representing" relate equally to the preceding "two-thirds of the property owners," and there is no other antecedent to which they can be referred.

No doubt, by interpolating but a few words, we might give the language of the statute the meaning for which the appellant contends, but the language of the legislature is capable of definite meaning, and there is no occasion for such interpolation in order to give expression to the intention of the lawmaking branch of the government. It is not for us to reconstruct the statute upon a supposition that the legislature could not have intended to make it so difficult as the language of the statute indicates, to deprive the common council of the discretionary power, otherwise contemplated, of proceeding with the improvement, notwithstanding the remonstrance of property owners whose lands would be assessed for the improvement.

If it may be claimed that the punctuation lends plausibility to the argument of the appellant, and tends to militate against the construction adopted by the court below, it must be admitted that the proviso, taken as a

whole, indicates want of due care in its preparation, not only in the employment of some inappropriate words, but also in the adoption of loose and manifestly improper punctuation. Besides, punctuation, though useful for purposes of construction in exceptional instances, is, in general, a fallible standard. It is never allowed to control the sense of the language used. It may sometimes aid in determining between different constructions equally consistent with the rules of grammar and the ordinary meaning of the words employed, but the words used by the legislature are to be considered first, and if they convey a clear, definite and sensible meaning, without ambiguity, that meaning can not be enlarged, restricted or perverted by the punctuation. The words of the statute must be allowed their natural and ordinary effect, without regard to the punctuation. It is not permissible to make the construction of a statute dependent upon punctuation, where there is no ambiguity other than that created by the punctuation itself. Black, Interp. of Laws, 185.

The legitimate meaning of the words of the statute in the order in which they are placed is that, in order to be peremptory, the remonstrance must be signed by two-thirds of those property owners whose lands will be assessed, who have certain qualifications, consisting both of residing upon lots abutting on the improvement and of representing two-thirds of the number of lineal feet of the improvement; and to give the punctuation such effect as to permit it to change this legitimate meaning into one adverse to the construction given to the statute by the court below does not seem to be permissible.

Judgment affirmed.