## Collins v. The State.

[No. 6,047. Filed October 12, 1906.]

1. WORDS AND PHRASES.—"*Device.*"—A "device" is a thing devised or formed by design, a contrivance, an invention. p. 626.

2. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.*—*Permitting Music Box to Remain in Saloon.*—An indictment charging that defendant unlawfully permitted a certain device for music, to wit: a Regina music box to be and remain in his saloon, does not state an offense under §7283b Burns 1901, Acts 1895, p. 248, §2, providing that it shall be unlawful to permit any "devices for amusement or music of any kind or character" in a saloon. p. 627.

3. STATUTES.—*Construction.*—*Wrongs To Be Remedied.*—In the construction and interpretation of a statute the courts will consider the wrongs the legislature sought to remedy. p. 627.

4. SAME.— *Construction.* — *Punctuation.* — *Intoxicating Liquors.*—Section 7283b Burns 1901, Acts 1895, p. 248, §2, reading in part: "And no devices for amusement or music of any kind or character," properly interpreted requires a comma after the word "amusement," and it will be considered as though the comma was so inserted. p. 628.

From Elkhart Circuit Court; *James S. Dodge,* Judge.

Prosecution by the State of Indiana against Edward Collins. From a judgment of conviction, defendant appeals. *Reversed.*

*Lou W. Vail,* for ·appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

MYERS, J.—In the court below appellant was charged by indictment, tried, convicted, and fined $10 for an alleged violation of §7283b Burns 1901, Acts 1895, p. 248, §2. His motion to quash the indictment was overruled, and this ruling is here assigned as error.

The gist of the charge, as presented by the indictment, is that appellant, a licensed liquor dealer, on October 10, 1905, in Elkhart county, then and there unlawfully permitted a certain device for music, to wit, a Regina music box, to be and remain in the room in which he was then engaged in selling intoxicating liquors in less quantities than a quart at a time.

Appellant, in support of his motion to quash, insists that there is no statute in this State making it unlawful to permit a device for music to remain in a licensed saloon. That part of §7283b, *supra,* applicable to the question now before us, provides: "All persons holding license   *   *   *   authorizing the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, shall provide for the sale of such liquors in a room separate from any other business of any kind, and no devices for amusement or music of any kind or character,   *   *   *   shall be permitted in such room."

A "device" is defined to be that which is devised or formed by design; a contrivance; an invention. Century Dict.; Webster's Dict.; *State* v. *Blackstone* (1893),

1.    115 Mo. 424, 427, 22 S. W. 370; *Henderson* v. *State* (1877), 59 Ala. 89.

The question is, does the indictment charge appellant with any offense under this section of the statute? We think not. Admitting that a music box is a device

2. or a mechanical invention and might be used to amuse and entertain, yet the indictment is far from charging that it was a device then and there permitted in the room for amusement, or that appellant then and there permitted music in the room, produced by such device. The State argues that it was the intention of the legislature to exclude music from saloons, and in order to do so it legislated against devices for music in saloons; that is to say, by doing away with the devices, they necessarily did away with the music. We are not persuaded to place this construction on the language of this statute. For to do so would open the way to every saloon owner in the State to install in his place of business one or more vocalists to entertain his patrons and allure others into his place, in the hope of increasing his business. A familiar rule of interpretation of statutes is to ascertain the legislative intention and

3. the purpose to be accomplished by the statute under consideration (*Western Union Tel. Co.* v. *Braxtan* [1905], 165 Ind. 165; *Board, etc.,* v. *Board, etc.* [1891], 128 Ind. 295), and, if possible, give it that construction which will carry out that intention, and best promote the object of its enactment. *Abbott* v. *Inman* (1905), 35 Ind. App. 262.

Reading this statute in the light of the history of conditions when enacted and the mischief to be remedied, we must conclude that the true purpose and intent of the legislature by such enactment was to prohibit in saloons not only devices for amusement, but music of every kind or character, whether produced by the voice or a musical invention. It was evidently the intention of the legislature to stop the alluring of people by means of amusements or music, into rooms where liquors are sold, thereby discoura-

ging the liquor traffic and minimizing its evils by rendering uninviting the places where the same is sold.

The addition of a comma after the word "amusement" and before the word "or" is all that is required to give the section of the statute now under consideration the effect the legislature clearly intended for it. This being true, it will be construed as though the comma was inserted. *United States* v. *Lacher* (1890), 134 U. S. 624, 628, 10 Sup. Ct. 625, 33 L. Ed. 1080; *Hammock* v. *Farmers Loan & Trust Co.* (1882), 105 U. S. 77, 84, 26 L. Ed. 1111; *Allen* v. *Russell* (1883), 39 Ohio St. 336. We are therefore of the opinion that the indictment does not charge appellant with any violation of the statute upon which it is predicated.

Judgment reversed, with a direction to sustain the motion to quash.