## KING v. STATE OF INDIANA.

### [No. 23,020.   Filed November 9, 1916.]

1. INDICTMENT AND INFORMATION.—*Sales of Cocaine.*—*Sufficiency of Indictment.*—Under §2494a Burns 1914, Acts 1913 p. 306, making it unlawful for any druggist or other person to sell "cocaine alpha, or beta eucaine or any salt or any compound or derivative of any of the foregoing substances," an indictment charging that the defendant at a time and place fixed, unlawfully sold "cocaine, and derivatives, salts and compounds of cocaine" properly follows the language of the statute and is good as against a motion to quash as failing to distinguish between "cocaine alpha and beta cocaine," as there is no such drug as "cocaine alpha," such term appearing in the statute because of the omission of a comma, due to erroneous punctuation, between the words "cocaine" and "alpha".   p. 313.

2. STATUTES.—*Construction.*—*Erroneous Punctuation.*—An error of punctuation will not prevent a proper construction of the act in which it occurs.   p. 313.

3. CRIMINAL LAW.—*Appeal.*—*Instructions.*—*Failure to Include all Given in Bill of Exceptions.*—*Presumptions.*—Where it is not affirmatively shown by the bill of exceptions containing instructions alleged to be objectionable whether it includes all the instructions given, the bill is incomplete, and it will be presumed that such bill of exceptions does not contain all the instructions given and that the substance of the instructions asked were embraced in those given and not incorporated in such bill, and that any erroneous instructions given and set out therein were corrected or withdrawn by other instructions given by the court, and not set forth in the record.   p. 314.

4. CRIMINAL LAW.—*Appeal.*—*Bill of Exceptions.*—*Filing with Clerk.*—Where, in an appeal of a criminal case, it appears that the trial judge signed a bill of exceptions containing the evidence and the exceptions thereto, and directed that the same be filed and made part of the record in the case, the evidence is not properly in the record and the exceptions thereto are not presented for consideration, unless it affirmatively appears from the record that such bill was thereafter filed with the clerk, and such filing cannot be shown by mere recitals in the bill, or by the file mark of the clerk thereon.   p..314.

From Marion Criminal Court (45,134); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Lorenzo D. King.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*William N. Harding* and *Alfred R. Hovey*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

SPENCER, J.—Appellant, a retail druggist, was tried and convicted on an indictment which charges him with an illegal sale of cocaine. He has appealed from the judgment of conviction and alleges, first, that the trial court erred in overruling his motion to quash said indictment "for the reason that the same does not state facts sufficient to constitute a public offense under the law." The offense charged is that appellant, at a time and place fixed, unlawfully sold to one Myrtle Ward "cocaine, and derivatives, salts and compounds of cocaine." The contention of appellant is that under §2494a Burns 1914, Acts 1913 p. 306, an indictment, to be good as against a motion to quash, must distinguish between "cocaine alpha and beta cocaine." The statute in question was first enacted by the general assembly of 1911 (Acts 1911 p. 45), and then made it unlawful "for any druggist or other person to retail, sell, or barter or give away any cocaine, alpha or beta eucaine, or any salt or any compound, or derivative of any of the foregoing substances," etc. In 1913, the act was amended so as to include within its scope certain other drugs and to regulate further the sale of all such drugs (Acts 1913 p. 306, *supra*), and, as so amended, it contains an error in punctuation which has been carried into the compiled statutes. Such an error, however, may not prevent a proper construction of the act in which it occurs. *Collins* v. *State* (1906), 38 Ind. App. 625, 628, 78 N. E. 851; *Maley* v. *Clark* (1903), 33 Ind. App. 149, 151, 70 N. E. 1005; *Albright* v. *Payne* (1885), 43 Ohio St. 8, 13, 1 N. E. 16. There is no such drug as "cocaine alpha", but the

distinction which the statute draws in fact is between cocaine and different grades of the chemical compound known as eucaine. The offense here charged is an illegal sale of cocaine, and the indictment properly follows the language of the act in question.

Objection is next made to certain instructions given by the trial court to the jury. It does not appear, however, from the bill of exceptions containing these instructions, whether it includes all of the instructions given, and it is therefore incomplete. As said in *State* v. *Winstandley* (1898), 151 Ind. 495, 496, 51 N. E. 1054: "When, in a criminal case, it is not affirmatively shown by the bill of exceptions that it contains all the instructions given by the court to the jury, this court must presume that such bill of exceptions does not contain all the instructions given. *Cooper* v. *State*, 120 Ind. 377, 383, 384. In such case the presumption is that the substance of the instructions asked was embraced in the instructions given by the court which are not contained in the bill of exceptions, and that, if any instructions given by the court, and set out in the bill of exceptions, are erroneous, they were corrected or withdrawn by other instructions given by the court, and not set forth in the record." See, also, *Lane* v. *State* (1898), 151 Ind. 511, 513, 51 N. E. 1056; *Musgrave* v. *State* (1892), 133 Ind. 297, 312, 32 N. E. 885.

Finally, it is insisted that the court erred in admitting certain items of evidence over appellant's objection, but a consideration of these questions is precluded by the fact that the evidence is not properly in the record. Even though it appears that the trial judge has signed a bill of exceptions and directed that the same be filed and made a part of the record in the case, it

is well settled that unless such bill is thereafter actually filed with the clerk, and the fact of such filing is affirmatively shown by the record, the exceptions are not properly presented for consideration. *Donovan* v. *State* (1916), *ante* 15, 111 N. E. 433; *Hahn* v. *State* (1916), *ante* 210, 113 N. E. 725. And the filing cannot be shown by recitals in the bill or by the file mark of the clerk thereon. *Harris* v. *State* (1900), 155 Ind. 15, 17, 56 N. E. 916, and cases cited.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 34. Punctuation as affecting the construction of statutes, 10 Ann. Cas. 1083; 36 Cyc 1117.