## KLINE v. STATE OF INDIANA.

[No. 24,276. Filed February 27, 1924.]

1. CRIMINAL LAW.—*Change of Judge.—Withdrawal of Motion. —Waiver.*—A defendant in a criminal prosecution who filed a motion for a change of judge, but withdrew such motion after the judge selected declined to act, and who proceeded with the trial before the regular judge, to verdict, without refiling the motion or objecting to the regular judge, waives his right to have the cause tried by a special judge. p. 335.

2. CRIMINAL LAW.—*Withdrawal of Motion.—Objections Must be Timely.*—A defendant who does not complain at the time, that his motion for a change of judge is permitted to be withdrawn, and who does not object to the regular judge presiding, cannot base thereon a ground for new trial on appeal. p. 335.

3. CRIMINAL LAW.—*Admission of Evidence.—Motions to Strike Out.*—Where evidence has been admitted without objection in answer to questions that fully disclosed exactly what would be the character of the answers, overruling a motion to strike it out is ordinarily not reversible error. p. 336.

4. CRIMINAL LAW.—*Admission of Evidence.—Objections.—Motion to Strike Out for Different Reasons.*—A motion to strike out evidence for reasons different from those stated in an objection to its admission may be overruled without error. p. 336.

5. DISORDERLY HOUSE.—*Rulings not Considered in Face of Overwhelming Evidence of Guilt.*—In a prosecution under §2357 Burns 1914, Acts 1905 p. 584, §460 for keeping a house of ill fame, resorted to for purposes of prostitution, where evidence overwhelmingly supports a conviction, the Supreme Court will not set the verdict aside because of irregular rulings. p. 337.

From Marion Criminal Court (53,220); *James A. Collins*, Judge.

Mike Kline was convicted of keeping a house of ill fame, and he appeals    *Affirmed.*

*Clyde E. Baker,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *O. S. Boling,* for the State.

EWBANK, C. J.—Appellant was charged by affidavit in the language of §2357 Burns 1914, Acts 1905 p. 584, §460, with the offense of keeping a house of ill fame, resorted to for purposes of prostitution and lewdness. Overruling his motion for a new trial is assigned as error. The record recites that a motion for a change of judge was filed, and another judge was agreed upon, but that he declined to act, and that defendant withdrew · his motion; that some days later the case was called for trial before the regular judge, and that defendant thereupon came in person, and waived arraignment and entered a plea of not guilty, after which he filed a motion to suppress certain evidence, which motion is not shown to have been ruled on, and that the cause was then submitted to a jury for trial; that the trial continued throughout two days, during which eleven witnesses were examined (five being recalled), the jury was instructed, and the verdict was returned, without the motion for a change of judge being refiled or any objection being offered to the regular judge presiding. By

1. withdrawing his motion for a change of judge, and proceeding to trial before the regular judge without objection until after the verdict had been returned, appellant waived his right to have the cause tried by a special judge. *Mattingly* v. *Paul* (1882), 88 Ind. 95; *Spurlock* v. *State* (1916), 185 Ind. 638, 642, 113 N. E. 209.

Appellant also complains because his motion for a. change of judge was permitted to be withdrawn.

2. But the record recites that it was withdrawn in open court several days before the trial com-

menced by the attorney who had appeared for him throughout, up to that time, before whom (as notary public) the motion had been sworn to, and no objection or exception is shown, either to its withdrawal or to the regular judge acting thereafter. In the absence of any objection or exception there was no available error in what was done. *Mattingly* v. *Paul, supra; Spurlock* v. *State, supra.* Rulings must be excepted to at the time they are made, in order to be available as error on appeal. §656 Burns 1914, §626 R. S. 1881; *Brown* v. *Ohio, etc., R. Co.* (1893), 135 Ind. 587, 35 N. E. 503; *Rose* v. *State* (1909), 171 Ind. 662, 671, 87 N. E. 103, 17 Ann. Cas. 228; Ewbank's Manual (2d ed.) §24b.

Appellant also complains of the refusal to strike out certain evidence after it had been admitted without being objected to for any of the reasons now
3. urged by counsel. Where evidence has been admitted without objection in answer to questions that fully disclosed exactly what would be the character of the answers, overruling a motion to strike it out ordinarily is not reversible error. *Eckman* v. *Funderburg* (1915), 183 Ind. 208, 213, 108 N. E. 577; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 329, 101 N. E. 1001; *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681, 694, 34 N. E. 569; Ewbank, Indiana Trial Ev. §140.

And, even where an objection was made to the
4. introduction of evidence, a motion to strike it out for reasons different from those stated in the objection to its admission may be overruled without error. *Lane* v. *State* (1898), 151 Ind. 511, 516, 51 N. E. 1056.

Many facts proved in this case are not such as may be recited with propriety. There was uncontradicted evidence, much of which was given by the appellant, himself, to the effect that the officers came to the door of the house in question, late at night, and that at the call of his wife appellant went to the door wearing only

his undershirt and trousers; that he called a lawyer by phone and had the lieutenant in charge of the squad of police talk to him; that he telephoned to the police station to know what bond would be required, and then told his wife to go to the safe and get him $1,500, and that she "kicked in the door," fastened with a spring lock, of the room where his hat, coat and shoes were, and got $1,500 out of a safe in a little closet, which he deposited as cash bonds for his wife and the other three women and two of the men that the police had found in the house. There was also evidence of facts which appellant denied, among which were the following: That when one of the men arrested there asked for his money back, appellant said "Never mind, we will take care of that;" and that appellant lived and long had lived in that house, and it was kept by him. The bad character of the house and of the women found in it that night was proved by overwhelming evidence, the proof of the bad character of one of them being wholly undisputed, and there was much testimony not fit to be set out in an opinion of the court. We have carefully considered the objections urged by counsel to the admission

5. of certain evidence and the giving of instructions, but are convinced that the evidence so clearly and overwhelmingly supports the verdict that we should not be justified in setting it aside because of the rulings complained of, even if they were shown to be irregular. Therefore we shall not further discuss the question whether or not they were correct in all particulars.

The judgment is affirmed.