COMMONWEALTH *vs.* JOHN E. HAYES.

Essex.    November 10, 1925. — November 12, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Evidence*, Best evidence, Competency, Court record.

If, at the trial of an indictment charging assault with a dangerous weapon, a witness for the Commonwealth, who had given material testimony based on his presence near the place of the alleged assault at about the time it occurred and had testified on cross-examination that he was arrested by the defendant at that time for violation of the automobile law, is permitted to testify on redirect examination that upon the hearing in the District Court on the charge on which he was arrested by the defendant he was discharged, prejudicial error is committed, since in the circumstances the action of the District Court was susceptible of proof only by its records or a copy thereof.

INDICTMENT, found and returned on September 13, 1923, charging that the defendant on June 10, 1923, being armed with a dangerous weapon, did assault and beat Evelyn Spinney and John F. Winston.

In the Superior Court, the indictment was tried before *Walsh*, J. Material evidence is described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*J. P. Feeney & W. E. Sisk*, for the defendant.

*W. G. Clark*, District Attorney, *& E. F. Flynn*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was tried for assault with a dangerous weapon. A witness called by the Commonwealth, who had given material testimony based on his presence near the place of the alleged assault at about the

time it occurred, testified on cross-examination that he was arrested by the defendant at that time for violation of the automobile law. Subject to the defendant's exception, he was allowed to testify on redirect examination that upon the hearing in the District Court on the charge on which he was arrested by the defendant he was discharged. The action of the District Court under the circumstances here disclosed was susceptible of proof only by its records or copy thereof. *Sayles* v. *Briggs*, 4 Met. 421. *Smith* v. *Kirby*, 10 Met. 150, 154. *Wells* v. *Stevens*, 2 Gray, 115. *Commonwealth* v. *Walsh*, 196 Mass. 369. *Commonwealth* v. *Danton*, 243 Mass. 552. The excepted evidence related to a material matter, and its admission cannot be regarded as harmless error. It is unnecessary to consider the other exceptions.

*Exceptions sustained.*