JUSKULSKI *v.* STATE OF INDIANA.

[No. 25,538.   Filed May 22, 1934.]

504

McMahan & Conroy, for appellant.

Arthur L. Gilliom, Attorney-General, and Harry L. Gause, Deputy Attorney-General, for the State.

MYERS, J.—In the court below a jury returned a verdict finding appellant guilty of the offense charged in the second count of the affidavit—selling intoxicating liquor—and that he had been twice previously convicted of violating §4, Acts 1925, p. 144, §2717, Burns 1926, and judgment and sentence by the court was accordingly assessed. Motion for a new trial overruled, and this ruling is the error assigned on appeal to this court.

The motion for a new trial includes several causes, some of which have been waived. Those deserving consideration are: Verdict of the jury contrary to law; verdict not sustained by sufficient evidence; and the admission in evidence of a certain transcript from the Gary City Court.

Preliminary to a discussion of the questions submitted, we may here say that this being a criminal case, the determination of the admissibility of the evidence is a function alone of the trial court, but the weight of the evidence, the inferences to be drawn from the facts proved, and whether the defend-

ant has violated the law, are matters exclusively for the jury. *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322; *Sprague* v. *State* (1932), 203 Ind. 581, 181 N. E. 507; *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930; *Keiser* v. *State* (1882), 83 Ind. 234; *Brown* v. *State* (1880), 71 Ind. 470.

The real question in this case involves the admission in evidence of State's Exhibit No. 2, which is as follows:

"IN THE CITY COURT OF THE CITY OF GARY, INDIANA.
Transcript.

STATE OF INDIANA
    v.                              Key.
JOSEPH JUSKULSKI              V. S. L. L.
1650 Mass. St.                  (Galasini)

"On the 7th day of Dec. 1925 filed with me an affidavit charging that the defendant, Joseph Juskulski, on or about the 5th day of Dec. 1925, at the county of Lake in the state of Indiana,......................
.....................................................................................................
upon which I issued a warrant for his arrest returnable forthwith and delivered the same to the chief of police of said city.

"Afterward said CHIEF OF POLICE returned said warrant endorsed as follows "Came to hand this ............ day of ............ 192.., I have arrested the within named.............................................. and have ............ body now in court.

                                ..................................... Chief of police.
                        By ..................................... deputy.

On ............, 192.., I issued a subpoena for.................. and delivered to the chief of police, said subpoena was also returned served,...........................................
Dec. 17, 1925.

"And the defendant having been arraigned upon said charge for plea, said he is not guilty, and the trial having been had, and the court having heard the evidence and being fully advised in the premises, finds the defendant is guilty as charged in the affidavit. Judgment withheld until Dec. 29. 1925.
Dec. 29, 1925.

"It is therefore considered and adjudged by the court that the said defendant be imprisoned in the

jail of Lake County, Indiana, for 35 days, and that he pay the state of Indiana a fine of One hundred fifty dollars, and the costs of this prosecution, taxed at thirty dollars, without relief from valuation or appraisement laws; and that he stand committed to the jail of Lake County until said fine and costs are paid or replevied.

C. M. Greenlee,<br>
City Judge.

"The defendant prayed an appeal to the Lake ................ Court, and the court fixed the bond in the sum of $............ which bond was filed and approved by the court.

State of Indiana<br>
Lake County ss:

Costs were taxed as follows:<br>
Prosecuting attorney ..............<br>
City of Gary docket fee............<br>
Transcript fee $1.50."

Then follows the certificate of the Gary City Court clerk as to the accuracy and completeness of the transcript.

At the same time, and in connection with the foregoing transcript, what is designated as a second sheet was admitted in evidence, being a certified copy of an affidavit in two counts filed on December 7, 1925, the first charging that appellant, on December 5, 1925, unlawfully purchased, received, gave away and otherwise disposed of certain intoxicating liquor, and the second charging that appellant, on December 5, 1925, unlawfully maintained or assisted in maintaining a common nuisance, in violation of §24 of the 1925 act, *supra,* and also charging that appellant was, on ............, 1926, convicted in the Gary City Court in cause ............, Lake County, Indiana, of selling and otherwise disposing of intoxicating liquor, contrary, etc.

That part of the statute, §4, *supra,* relative to the present question, provides that, "Any person violating any provision of this section, upon conviction, shall be fined . . . to which shall be added imprisonment in the county jail . . . for the first or second offense,

and upon a third or subsequent conviction, he shall be imprisoned in the state prison not less than one year nor more than two years, to which may be added a fine of not less than $200 nor more than $1,000."

The second count of the affidavit in the instant case charged that appellant "did then and there unlawfully sell, barter, exchange, give away and otherwise handle and dispose of certain intoxicating liquor," and that he was, on October 7, 1926, convicted in the criminal court of Lake County of a violation of §4, and on December 29, 1925, in the City Court of Gary, Lake County, Indiana, he was convicted of violating §4.

It will be observed that appellant, in the present case, was charged with doing certain acts declared to be unlawful by §4, and that he had been previously twice convicted for offenses defined by that section. Such was the charge he was called upon to meet, and the burden was upon the State to prove the charge as laid.

State's Exhibit 2, as we have seen, included an affidavit in two counts, and a general finding of guilty, that is to say, guilty on both counts. The objection to the admission of the transcript in the first instance was that he "could have been found guilty under section 24", which would not be evidence to sustain the allegation in the affidavit of a prior conviction. The objection was overruled and the transcript read in evidence. Appellant, on hearing the exhibit read, thereupon moved to strike it out and requested the court to instruct the jury to disregard the same for the reason that the transcript upon its face shows that the defendant has appealed from the judgment rendered by the Gary City Court to the Criminal Court of Lake County, which operated as a vacation of that judgment. The State insists that the transcript disclosed the character of the evidence sought to be introduced, and appellant's first objection to its admission in evidence must have been the result of an

examination of it. On this assumption alone the State relies for support of her contention that reversible error cannot be predicated upon a motion to strike out evidence of a witness for reasons different from those interposed when the evidence was introduced.

It is true, this court has held that "a motion to strike out and withdraw the evidence or any part of the evidence of a witness, for the reasons different from those interposed when the evidence was offered and introduced, is properly overruled." *Lane* v. *State* (1898), 151 Ind. 511, 51 N. E. 1056; *Kline* v. *State* (1924), 194 Ind. 334, 142 N. E. 713.

That statement standing alone would seem to be a persuasive pronouncement in favor of appellee's contention, but as a precedent it must be considered as applying to the circumstances of the cause to which it was addressed. It is, however, quite significant of this court's unwillingness to establish a rule of practice which would allow a party to sit by and take the chance of favorable answers of witnesses to improper questions, and if unfavorable, on motion require the court to strike them out if it would avoid reversible error. *Parker* v. *State* (1925), 196 Ind. 534, 149 N. E. 59. On the other hand it is apparent that it would be impossible to frame a rule of practice defining when an objection must be made to proffered evidence under all circumstances or contingencies that may arise during the progress of a trial. Usually the objection and the reason therefor must be made when the incompetent evidence is offered. But if proper objection be not made at the time, and the omission is shown to be excusable, a motion to strike out the answer for good cause seasonably made should be entertained. Generally the question of justifiable excuse for such neglect is for the judicial discretion of the trial judge, subject, however, to review on appeal.

In the instant case it may be conceded that the first

objection to the admission in evidence of State's Exhibit No. 2 was not well taken, but the record affirmatively shows that immediately upon the exhibit being read in evidence counsel for appellant moved to strike it out for cause not included in his original objection, at the same time stating to the court that his failure in that respect was due to his mistake or oversight as to the exact language of the exhibit. We know that motions to strike out answers or parts of answers of witnesses upon various grounds is not an uncommon practice in the trial of cases. We also know from common knowledge that inadvertent omissions may occur in objections to incompetent evidence, but where, as here, a suitable objection is timely made and no harm could come to the opposite party from the delay in making such objection, it appears to us the fair administration of justice demands that the motion, as here, be allowed, and to overrule it would be reversible error.

Since the motion to strike was overruled, the State seems to realize her embarrassment of having a record not only showing a conviction, but evidence equally as strong showing that such conviction was set aside by an appeal to a court where the case must be tried *de novo*. The State would avoid this predicament by having us consider as evidence only that part of the transcript tending to show a conviction, and not that part tending to show the judgment of conviction was set aside. She bases this contention solely upon the face of the transcript showing the omission to insert the word "'Criminal" between the words "Lake" and "Court," and for failure to state the amount of the bond following the dollar sign. This court will take notice of the statutes of this State for the organization of courts. We therefore know that Lake County has one criminal court known as the "Lake Criminal

Court," and to which all criminal appeals from inferior courts must be taken. Since the transcript may be regarded as sufficient to show that appellant was adjudged guilty of a criminal offense, it also shows that the convicted defendant did all of the things incumbent upon him to do under the law entitling him to an appeal from that judgment. The perfection of his appeal, therefore, involved only a duty resting upon the clerk of the Gary City Court which, for aught appearing, we must assume he performed.

We interpret the word "conviction" as used in the statute, §2717, *supra,* to mean a final conclusion of the case, and not a conviction affirmatively shown to have been set aside. The conviction of appellant in the Gary City Court was an essential element of the offense charged, provable only by the records of that court, or as evidenced by a transcript properly certified. *Commonwealth* v. *Hayes* (1925), 253 Mass. 541, 149 N. E. 417; *State* v. *Joseph* (1921), 96 Conn. 637, 641, 115 Atl. 85; *People* v. *Jennings* (1921), 298 Ill. 286, 131 N. E. 619; *People* v. *Schallman* (1916), 273 Ill. 564, 570, 113 N. E. 113; *Morgan* v. *State* (1916), 17 Ga. App. 124, 86 S. E. 281; *State* v. *Andrews* (1905), 73 S. C. 257, 53 S. E. 423.

It follows from what we have said that the exhibit was before the trial court for judicial interpretation. It, unaided and unqualified, spoke for itself. It was the only evidence before the jury to sustain that particular conviction. The court's refusal to strike it out amounted to a decision that it was relative evidence to prove the alleged questioned conviction, or that its probative force was a question of law for the jury. Since the court overruled the motion for a new trial wherein the evidence to support the verdict was called in question, we may assume that the court approved the jury's determination of the legal effect of the exhibit, other-

wise the verdict was without sufficient evidence to support it and therefore contrary to law. Hence we hold, first, that the trial court, under all the circumstances disclosed by the record at bar, abused its discretion in overruling appellant's motion to strike out State's Exhibit No. 2; and, second, the court erred in overruling appellant's motion for a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.