**Hubbard Marx, Defendant in Error, v. Chicago Daily News Company and Henry Pierson ,and Charles B. Pierson, trading as S. N. Pierson & Sons, Plaintiffs in Error.**

**Gen. No. 20,397.**

1. MUNICIPAL COURT OF CHICAGO, § 13*—*what is nature of affidavit of merits.* An affidavit of merits filed in the Municipal Court serves all the purposes of a plea, and it is not necessary that a plaintiff prove any fact that in such affidavit of merits is admitted to be true.

2. ROADS AND BRIDGES, § 228*—*when violation of ordinance not proximate cause.* The violation of an ordinance prohibiting the stopping of a vehicle with its left side to the curb is not the proximate contributory cause of an injury to a horse attached to a wagon drawn up in such manner, where the horse was injured by another horse which, with a wagon attached, had gotten beyond control and had run into such horse after having turned from a cross street at a rapid pace.

3. NEGLIGENCE, § 49*—*what are elements of proximate cause.* To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

MATZ, FISHER & BOYDEN, for plaintiffs in error.

DANIEL L. MADDEN, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The plaintiff, Hubbard Marx, recovered a judgment in the Municipal Court against the Chicago Daily News Company, Henry Pierson and Charles B. Pierson, defendants, for $91.50, for damages to the plaintiff's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

horse and wagon, caused by the alleged negligence of defendants in "running their horse and wagon into the horse and wagon of the plaintiff," upon a public street in the city of Chicago.

The plaintiff is an oil peddler, and was peddling oil to customers along Dearborn street south of Twenty-second street. He came up from the south, and just before the accident had crossed from the east side of the street to the west side, stopping at the west curb, facing north, in front of a customer's place. A horse drawing a wagon filled with newspapers, and driven by an employee of the news company, came from the east along Twenty-second street, turned south-west into Dearborn street, going at a gallop, and ran into the plaintiff's horse with such force that it was seriously injured and the horse attached to the newspaper wagon was killed. The driver of the horse that was killed admitted that his horse was running away, and that in order to stop the horse, he "yanked" and "sawed" on the lines and "ran him up against the curbstone;" that the cause of the runaway was the breaking of a trace and the "holdback" strap of the harness; that the horse had often run away, and at least once before from a similar cause. A city ordinance was introduced in evidence, which provides that "no vehicle shall stop with its left side to the curb."

Upon this state of facts, the defendants insist that there is nothing in the record to show that the Piersons were in any way responsible for the accident. The plaintiff's statement of claim avers that his claim is for damages "caused through the negligence of the defendants, their agents and servants, in running *their horse and wagon* into the horse and wagon of the plaintiffs," etc. The defendants filed an affidavit of merits, which states that "the defense of the defendants to said suit is as follows: That the defendant, the Chicago Daily News Company, did not, by its agents and servants, nor did the defendants, Henry Pierson and

Charles B. Pierson, carelessly or negligently conduct or drive *their horse and wagon,* as alleged in plaintiff's statement of claim; but on the contrary, *conducted and drove said horse and wagon* with all due care and caution; furthermore, that if *defendants' horse and wagon* came in contact with plaintiff's horse and wagon, as alleged in plaintiff's statement of claim herein, said collision was caused by the plaintiff's own fault and lack of care," etc. It will be noticed that in this statement of their defense, the defendants not only do not deny the allegation that it was *"their"* horse that ran into the plaintiff's horse, but they aver that they *"conducted and drove* said horse and wagon."* The present contention of defendants' therefore raises the question whether it was necessary for the plaintiff to prove that the runaway horse was in the possession and control of the defendants at the time of the accident, when the affidavit of defense shows affirmatively that such was the fact.

There is no statute which gives to an affidavit of defense filed in the Municipal Court the force and effect of a plea filed in the Circuit or Superior Court. But if such an affidavit is filed, whether it is filed voluntarily, or in compliance with some general or special rule of the Municipal Court, it serves all the purposes of a plea, and we can see no reason why the plaintiff should thereafter be required to prove any fact that is therein admitted to be true. The statement that the defendants "conducted and drove" the horse that ran into the plaintiff's horse and wagon, amounts to an admission that the horse was in their possession and control, and it is axiomatic that facts admitted do not have to be proved. We are, therefore, of the opinion that the point made is not well taken.

It is also urged that the plaintiff was guilty of contributory negligence, because at the time of the accident, his wagon was standing "with its left side to the curb," in violation of the city ordinance above

mentioned. Defendants' counsel concede that the rule which makes the proved violation of a city ordinance prima facie evidence of negligence does not preclude a recovery in this case, unless it also appears from the evidence that such violation proximately contributed to cause the injury complained of. In *Seith v. Commonwealth Elec. Co.*, 241 Ill. 252, there is a very full and complete explanation of what is meant by the term "proximate cause." It is there said: "To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. * * * The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken; but if the act of the third person which is the immediate cause of the injury is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the first act or omission, the connection is broken and the first act or omission is not the proximate cause of the injury."

The question whether the plaintiff's violation of the city ordinance was a proximate contributing cause of the injury in question depends, therefore, upon the question whether the plaintiff, in stopping his wagon

"with its left side to the curb," ought reasonably to have anticipated, as a natural and probable consequence of his negligence in that respect, that his horse and wagon might be run into and injured by another horse and wagon over which he had no control. We think the latter question must be answered in the negative. Doubtless the plaintiff might reasonably have anticipated that, as a natural consequence of his act, his horse might be injured by others passing southward on the west side of the street in the usual and customary manner; but we think it cannot be held as a matter of law, nor found as a conclusion of fact, that a reasonably prudent man, situated as the plaintiff was, just before the accident, would have anticipated that as a natural consequence of his negligent act, the defendants' horse would run away and collide with the horse at the curb. Such an occurrence is unusual, extraordinary and not reasonably to be expected. If the plaintiff had turned his horse and wagon around, he would not have been guilty of any violation of the ordinance; but this would not have removed the cause of the accident, nor prevented the collision. Possibly his horse might not have been so seriously injured in such case, but that is pure conjecture.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*