## TITUS *v*. TOWN OF BLOOMFIELD.

[No. 11,668. Filed November 16, 1923.]

1. STATUTES.—*Interpretation.*—In the interpretation of a statute, regard must be had to its subject-matter and general purpose. p. 485.

2. MUNICIPAL CORPORATIONS.—*Streets.—Defective Conditions.—Injuries.—Notice.—Statutes.*—The statute requiring notice of injuries resulting to persons or property by reason of the condition of streets (Acts 1907 p. 249, §8962 Burns 1914) is not limited to injuries resulting from "defects" in a street, but includes injuries resulting from any defect "in the condition of any street." p. 485.

3. MUNICIPAL CORPORATIONS.—*Streets.—Defective Conditions.—Post in Intersection of Streets.—Injuries.—Necessary Notice.—Statute.*—A concrete post maintained at the center of a street intersection, without any guard and without any light or other means of notifying persons traveling on the street is a "defect in the condition of the street" within the meaning of the statute, (Acts 1907 p. 249, §8962 Burns 1914) and notice must be given of any injury resulting therefrom. p. 485.

4. MUNICIPAL CORPORATIONS. — *Defective Streets. — Injuries.—Complaint.—Sufficiency.*—A complaint for damages for injuries received by reason of a defective condition of a street is insufficient unless it avers that notice had been given to the municipality as required by statute. p. 485.

5. MUNICIPAL CORPORATIONS. — *Defective Streets. — Injuries.—Knowledge of Officers Does not Dispense with Notice.*—Actual knowledge on the part of the officers of the municipality of all the facts concerning the injury does not obviate the necessity of giving notice. p. 486.

6. MUNICIPAL CORPORATIONS.— *Defective Streets.— Injuries.—Notice not Prevented by Fraud.*—Where one suing a town for injuries received by reason of an obstruction in a street, verbally notified the board of trustees and the town attorney of the injury and the circumstances thereof, and they assured him that his claim against the town would be considered at the next meeting of the board, he was not prevented from giving notice by fraud on the part of the municipal officers. p. 486.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by Albert B. Titus against the town of Bloom-

field.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*W. L. Slinkard,* for appellant.

*Allen G. Pate,* for appellee.

REMY, J.—Action by appellant against appellee to recover damages for injuries alleged to have been sustained as a result of a collision of appellant's automobile with a concrete post, commonly called a "silent policeman," created and maintained by appellee at the intersection of two streets.   The complaint is in three paragraphs, to each of which appellee successfully demurred for want of sufficient facts.   Appellant refused to plead further, and judgment was rendered that he take nothing, and that appellee recover costs. The only errors assigned and presented are based on the rulings of the court on the demurrers to the second and third paragraphs of complaint.

It is averred in the second paragraph that appellee by order of its town board wrongfully and unlawfully constructed and maintained the post, which was twelve inches square and forty inches high, without any guard, and without a red light or other signal for the guidance of persons using the streets at the intersection of which it stood.   The complaint contains no averment that within sixty days after the alleged injuries appellant gave to appellee a written notice as to "the time, place, cause and nature of the injury," which is a statutory prerequisite to the maintenance of "an action in damages" against a city or town "for injuries to a person or property resulting from any defect in the condition of any street."   Acts 1907 p. 249, §8962 Burns 1914.   It is contended by appellee, and, such was the holding of the trial court, that the omission from the complaint of any averment that notice had been given to appellee in accordance with the statute, rendered the

pleading demurrable.   On the other hand, it is urged by appellant that the concrete post alleged to have been constructed and maintained at the street intersection is not a "defect in the condition" of a street within the meaning of the statute; but is a permanent obstruction,—in fact a public nuisance, and having been placed there by agents of the town, the statute requiring written notice as a condition precedent to appellant's right of recovery has no application.   The question for determination is:   Was the condition created by the maintenance of the concrete post at the street intersection, as averred in the complaint, a defect in the condition of the street within the meaning of the statute requiring notice as a condition precedent to an action for damages?

In the interpretation of a statute, regard must be had to its subject-matter and general purpose.   *Collins* v. *State* (1906), 38 Ind. App. 625, 78 N. E. 851;

1.   *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 74 N. E. 985.   The manifest purpose in the enactment of the statute under consideration was to enable the officers of a city or town to make an investigation of the nature and validity of a claim for damages at a time when the facts could be best ascertained; the purpose being not only to make possible a timely investigation of the alleged defect, but also as to the extent of the injuries claimed.   It is obvious that the need for such a statute would be the same whether the injury for which damages are claimed was the result of a defect in the street pavement, or the result of a condition due to an obstruction placed upon the pavement.   It will be observed that the statute does not limit the necessity of giving notice to

2-4.   actions for damages resulting from a "defect" in a street, but includes all actions "in damages for injuries to person or property resulting from any

defect *in the condition* of any street," etc. We hold that the concrete post maintained in the street without any guard, and without any light or other means of notifying persons traveling upon the street was a defect in the condition of the street within the meaning of the statute. *Chaney* v. *Village of Riverton* (1920), 104 Nebr. 189, 177 N. W. 845, 10 A. L. R. 244; *Tonn* v. *City of Helena* (1910), 42 Mont. 127, 111 Pac. 715, 36 L. R. A. (N. S.) 1136. See, *City of Rushville* v. *Morrow* (1913), 54 Ind. App. 538, 101 N. E. 659. It follows that the demurrer to the second paragraph of complaint was properly sustained.

The third paragraph of complaint is like the second, except that it contains the further allegation that appellant, soon after he received the injuries of which complaint is made, called separately upon each member of the board of trustees of appellee town, and upon appellee's attorney, and had a talk with each of them, and thereby fully explained to them, and to each of them, the cause and nature of his injuries, and informed them of the time and place thereof; that in those conversations the members of the board assured appellant that at a certain regular meeting of the board his claim would be considered; that the meeting of the board was held, but his claim was not considered, and that, by reason of the statements made to him by the members of the board he was fraudulently led to believe that his claim would be compromised and settled out of court, and that he did so believe until the time for giving written notice as fixed by the statute had passed.

It is well settled in this state that actual knowledge on the part of the officers of a city or town of all the facts will not dispense with the written notice required by the statute. *Blair* v. *City of Ft. Wayne* (1912), 51 Ind. App. 652, 98 N. E. 736; *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N.

E. 540, 33 L. R. A. (N. S.) 350. It is not necessary for us to decide the question as to whether one who had received an injury as a result of a defect in the condition of a street could recover without having given the notice required by the statute, where he had been prevented from giving the notice by fraud on the part of the municipal officers. It is enough to say that the facts alleged in the third paragraph of complaint are not sufficient to show that appellant was prevented from giving the notice by fraudulent acts and conduct of appellee's officers.

Affirmed.