### Town of Hobart *v*. Casbon.

[No. 11,655.    Filed January 18, 1924.]

1. TRIAL. — *Verdict.* — *Motion for Venire De Novo.* — *When Proper.*—A motion for a *venire de novo* is proper only when the verdict is so defective that no judgment can be rendered upon it, and the party against whom the verdict is given cannot question it by a motion for a *venire de novo* when he concedes that it is good for some amount.    p. 27.

2. TRIAL.—*Verdict.*—*Error in Amount.*—*Correcting by Affidavits of Jurors.*—Where the jury rendered a verdict for the plaintiff "in the sum of twenty-two fifty dollars (2,250)", it was proper to receive affidavits of the jurors to the effect that the verdict was intended to be for $2,250, but, by mistake and oversight, the word "hundred" had been omitted therefrom, and to sustain a motion to correct the verdict accordingly.    p. 28.

3. TRIAL.—*Instructions.*—*Refusing.*—*No Error.*—There can be no error in refusing instructions to the jury which are not correct statements of the law, nor in refusing to give instructions which are simply abstract propositions of law not involved in the case on trial.    p. 28.

4. TRIAL.—*Contributory Negligence.*—*Instructions.*—*Burden of Proof.*—In an action for personal injuries and for damages to the plaintiff's automobile, it is not error to refuse an instruction to the effect that the plaintiff had the burden of showing his freedom from contributory negligence, as the defendant had that burden as to the personal injuries. p. 28.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Thomas Casbon against Town of Hobart. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*E. E. Pierson, Grant Crumpacker* and *Owen L. Crumpacker,* for appellant.

*Daniel E. Kelly, Timothy P. Galvin, Francis J. Galvin* and *Oliver M. Loomis,* for appellee.

ENLOE, J.—Action by the appellee against the appellant to recover damages for personal injuries alleged to have been sustained, and for damages to his automobile, all alleged to have been occasioned by a collision of appellee's automobile with an alleged obstruction in a public street of said town.

A complaint in four paragraphs was answered by a general denial, and the issues thus formed were submitted to a jury, resulting in a verdict for the plaintiff.

The appellant seasonably filed its motion for a new trial which was overruled. It thereupon filed its motion for a *venire de novo,* upon the ground that the verdict of the jury, as returned by them, was so defective and uncertain that no judgment could be rendered thereon. Upon this motion being filed, the appellee filed his motion, supported by the several affidavits of nine of the jurors who tried the case, and by the affidavits of appellee and one of his attorneys, alleging that there was a clerical mistake in said verdict, and asking that the same be corrected, and that judgment be entered thereon as corrected.

The verdict returned by the jury, as shown by the transcript of the record, was as follows:

"We, the jury, find for the plaintiff and assess his damages in the sum of twenty-two fifty dollars (2,250).

Henry Pahl, Foreman."

In the affidavits, filed in support of the said motion to correct said verdict by inserting the word "hundred" after "twenty-two," it was stated that, upon said verdict being returned into court, it was, by the court read as a verdict in favor of the appellee in the sum of twenty-two hundred fifty dollars; the several jurors, who made affidavits concerning said matter, each and all averred that the verdict upon which the jury agreed was one in favor of appellee, in the sum of $2,250; and that it was by mistake and oversight that the word "hundred" had been omitted therefrom in reducing this verdict to writing.

The court overruled the motion of the appellant for a *venire de novo,* and the appellant thereupon filed its motion in arrest of judgment based upon the said alleged defect in said verdict. This motion was also overruled. The court then sustained the motion of appellee to correct said verdict, and ordered said verdict to be corrected as prayed. Judgment was thereupon duly rendered in favor of the appellee, upon said amended verdict.

The appellant next filed a motion to modify said judgment by striking out the words: "Two thousand two hundred and fifty dollars ($2250.00)," and inserting in said judgment, in lieu thereof, the words: "Twenty-two and fifty hundredths dollars ($22.50)." This motion was also denied, and this appeal followed.

The errors assigned and presented to this court are: (1) Error in overruling motion for *venire de novo*; (2) error in sustaining motion of appellee to correct ver-

Town of Hobart *v.* Casbon—81 Ind. App. 24.

dict; (3) error in overruling motion in arrest of judgment; and (5) error in overruling motion for a new trial.

Waiving the question as to whether or not appellant's motion for a *venire de novo* was timely filed. (See *Jenkins* v. *Parkhill* [1865], 25 Ind. 473; *Shaw* v. *Merchants National Bank* [1877], 60 Ind. 83), we shall consider the alleged error in overruling said motion.

In *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58, it was said: "The rule in this State is, that a motion for a *venire de novo* will not be sustained, unless the verdict is so defective and uncertain upon its face that no judgment can be pronounced upon it. A verdict, however informal, is good if the court can understand it. It is to have a reasonable intendment, and is to receive a reasonable construction, and must not be avoided, except from necessity." In this case, the verdict was for the appellee; there was no uncertainty as to that feature thereof; if there was any uncertainty therein, it was as to the *amount* of the damages assessed, and we find the appellant herein, in his fourth assigned error, insisting that this verdict was good as an assessment of damages in favor of the appellee in the sum of $22.50, and that the court committed reversible error in not modifying said judgment as requested by it. If said verdict was sufficient, as to the amount of damages assessed, to authorize a judgment against appellant, *in any sum,* a motion for a *venire de novo* would not lie; such motion is proper only when the verdict is so defective that *no* judgment can be rendered upon it. 2 Watson's Revision Works' Practice §1879, and authorities cited. The court did not err in overruling said motion.

It is next insisted that the court erred in sustaining the motion of appellee to amend and correct said ver-

dict. We cannot concur in this contention. In the case of *McGlone* v. *Hauger* (1914), 56 Ind. App. 243, 104 N. E. 116, the court was considering a situation very similar to the one presented by the instant case, and, in that case, it was held that no substantial right of the complaining party had been violated by the receipt of affidavits in support of a motion to correct a clerical defect in a verdict. The affidavits were received, not to contradict, but to perfect the verdict in question and such practice is well sustained by the authorities. *(McGlone* v. *Hauger, supra.)*

What we have already said herein disposes also of appellant's third and fourth assignments and they need not be further considered.

Finally appellant insists that there was error in overruling its motion for a new trial. Under this assignment, appellant complains of the action of the court in giving two certain instructions, Nos. 1 and 10, of the instructions given by the court of its own motion, and in refusing to give to the jury instructions numbered 12, 13, 16 and 18 of instructions requested by appellant; it also contends that the verdict of the jury is not supported by sufficient evidence, is contrary to law, and that the damages awarded are excessive.

As to said instructions, Nos. 1 and 10, we do not think that they are subject to the objection made to them; we think they are each fair statements of the law as applied to the facts in evidence in this case.

As to the instructions tendered by appellant and refused, of which complaint is made, said instructions Nos. 12 and 13 were not correct statements of the law. As to the damage alleged to have been sustained by the appellee, on account of personal injury, the burden was not on him to show freedom from contributory negligence; said instructions would have placed upon him that burden, and were, therefore,

properly refused. As to said instructions, Nos. 16 and 18, they were simply abstract statements of propositions of law not involved in this case, and the giving of them could only tend in this case to confuse the jury. The verdict is well sustained by the evidence and is not contrary to law, and, if the plaintiff was injured to the extent claimed by him in his testimony, the amount of damage awarded is quite moderate.

Judgment affirmed.