RICHARD W. SPEAS By His Next Friend, E. G. SHUGART, v. CITY OF GREENSBORO and LINDSAY S. WALL.

(Filed 22 February, 1933.)

1. **Municipal Corporations E c—It is duty of city to keep streets in reasonably safe condition.**

    It is a positive duty of a city to keep its streets in a reasonably safe and suitable condition, and it may not escape liability for its negligent failure to do so on the ground that such duty is a governmental function.

2. **Same—Evidence that city had failed to use due care in respect to lighting traffic signal held sufficient to be submitted to jury.**

    In this action to recover for personal injuries sustained in a collision of an automobile with a traffic signal maintained by a city at a street intersection there was evidence that the lights of the signal were not burning at the time of the accident, and that the lights had not been properly lighted for a long period of time: *Held,* notice of such defects may be implied, and the evidence was sufficient to be submitted to the jury on the question of whether the city had used due care to provide adequate lights.

3. **Same—Negligence of driver of car held not to constitute intervening negligence.**

    There was evidence that the driver of the car in which the plaintiff was riding as a guest was negligent in driving into a traffic signal at a street intersection, and that the city was negligent in failing to use due care in respect to the lighting of the traffic signal: *Held,* the negligence of the driver was not intervening negligence as a matter of law, since the probability of such injury should have been within the reasonable contemplation of the city.

**4. Highways B k—Guest held not guilty of contributory negligence as matter of law in failing to keep look-out for own safety.**

The plaintiff was riding as a guest in an automobile owned and driven by another. There was evidence that the plaintiff could not have seen through the wind-shield in front of him on account of rain thereon. The car crashed into a municipal traffic signal and the plaintiff brought suit against the city and the driver: *Held*, the plaintiff was not guilty of contributory negligence as a matter of law in failing to keep a look-out for his own safety.

**5. Appeal and Error J e—**

Instruction in this case held not to contain reversible error considered in the light of the evidence upon the trial.

**6. Pleadings E a—Trial court has discretionary power to allow amendment.**

It is within the discretionary power of the trial court to allow the filing of amended or supplemental complaints, and an amendment of a pleading may be allowed after verdict to conform the allegations to the proof. C. S., 547, 551.

**7. Highways B g—Defendant's testimony held to establish negligence as matter of law.**

Where the driver of a car in which the plaintiff was riding as a guest testifies that he could have seen an object twenty feet away under the circumstances, and that he could have stopped the car in five or six feet, and all the evidence tends to show that he drove the car into a traffic signal at a street intersection, his testimony establishes negligence on his part as a matter of law.

APPEAL by defendants from *Oglesby, J.*, at March Term, 1932, of GUILFORD. No error.

This is an action for personal injury alleged to have been caused by the negligence of the defendants.

At the center of the intersection of Greene and Gaston streets the city of Greensboro maintains a traffic device known as a "silent policeman." It consists of a concrete block approximately three feet wide and two feet high anchored to the street pavement and a metal base projecting upward from the block and supporting an electric signal with alternating red and green lights. On the morning of 6 December, 1930, the plaintiff was riding in a Ford roadster driven by the defendant Wall. It had one seat and the curtains were up. The car when driven into the intersection of Greene and Gaston streets struck the traffic device, and the plaintiff was seriously injured.

The jury found that the plaintiff's injury had been proximately caused by the negligence of each of the defendants and that the plaintiff had not been negligent, and assessed the damages.

Judgment for the plaintiff; appeal by the defendants upon assigned error.

*Manly, Hendren & Womble for plaintiff.*
*Andrew Joyner, Jr., for city of Greensboro.*
*Sapp & Sapp for Lindsay W. Wall.*

ADAMS, J. The record is voluminous but the controversy involves only a few familiar principles of law. A brief consideration of the exceptions is all that is necessary.

Neither defendant is entitled to a judgment of nonsuit. The motion of the corporate defendant rests upon three propositions: (1) The evidence of negligence against the city is not sufficient to justify the submission of an issue to the jury; (2) the plaintiff's injury was due to the independent and intervening acts of the defendant Wall; (3) according to his own evidence the negligence of the plaintiff proximately contributed to his injury. The motion of the defendant Wall is founded on the two propositions that the plaintiff was negligent and that he was not.

The exercise of due care to keep its streets in a reasonably safe and suitable condition is one of the positive obligations imposed upon a municipal corporation. The discharge of this obligation cannot be evaded on the theory that in the construction and maintenance of its streets the municipality acts in a governmental capacity, *Graham v. Charlotte,* 186 N. C., 649; *Willis v. New Bern,* 191 N. C., 507; *Michaux v. Rocky Mount,* 193 N. C., 550; *Hamilton v. Rocky Mount,* 199 N. C., 504.

The court instructed the jury that the erection of the "silent policeman" at the intersection of the streets was not enough to constitute negligence (*Valley v. Gastonia,* 203 N. C., 664) and left to the determination of the jury the question whether the city had used due care in providing adequate lights. If the city failed to exercise such care it was negligent. *Bunch v. Edenton,* 90 N. C., 431; *Bailey v. Winston-Salem,* 157 N. C., 253; *Pickett v. R. R.,* 200 N. C., 750. Several witnesses testified that the lights on the traffic device were not burning when the wreck occurred. Indeed, the plaintiff offered evidence that there were no lights on the streets. It is not essential that the city should have had actual notice that the lights were not burning. Notice may be implied. One of the witnesses said that the lights had been turned on and off in the morning irregularly for a long period, and this was at least some evidence of implied notice. *Dillon v. Raleigh,* 124 N. C., 184; *Bailey v. Winston-Salem, supra; Willis v. New Bern, supra; Pickett v. R. R., supra.*

We do not regard the driving of the car on the street as an intervening act which superseded the causal relation between the city's negligence and the plaintiff's injury. On the contrary the danger of traversing the intersecting streets by those having occasion to travel in vehicles and the probability of injury resultant from inadequate lights are matters which should have been in the reasonable contemplation of the city.

In our opinion there is not sufficient evidence to support the contention that the plaintiff's action should be dismissed on the ground of his contributory negligence. The morning was dark and cold. The plaintiff assumed a comfortable position in the car, "placing his knees against the dashboard," and pulled up the collar of his overcoat. The windshield wiper was in front of the driver but on that morning it did not afford much help. There was no wiper in front of the plaintiff, and there the windshield was soiled and covered with water. We find nothing in the record which would bar his recovery as a matter of law by reason of his alleged contributory negligence, and the issue of fact was submitted to the jury under correct instructions and answered in his favor.

The city excepted to the following instruction: "The court further instructs you that if you find the light was not burning on the silent policeman, and that ordinary prudence would require that such a light be burning, taking into consideration the hour of the morning, the visibility, etc., that you find existed, and that the city in the exercise of ordinary care could have known it was not burning, and that this failure of the light not burning was the proximate cause of the injury sustained by the plaintiff, that would constitute actionable negligence and you would answer the issue, Yes."

It is argued that the instruction is erroneous because it contains no reference to the lights located at the corners of the intersection. Some of the witnesses said that these lights were not burning and this testimony the judge no doubt had in mind when he used the phrase, "And that ordinary prudence would require that such a light be burning." The defendants' evidence tended to show that the corner lights when burning illuminated the streets but not that they were burning at the time of the injury.

We have examined all the exceptions taken by the city to the charge of the court and find no error. The action of the judge in reference to the "amended" and "supplemental" complaints was entirely a matter of discretion. The amended complaint was in fact an additional complaint filed against a defendant who was not a party when the first complaint was filed; and the purpose of the plaintiff was to prosecute the action against the defendants as joint *tort-feasors.* The amendment of a pleading may be made after verdict to conform the allegation to the proof. C. S., 547, 551.

The court charged the jury to find that the defendant Wall was negligent if they should find the facts to be as he had testified. He admitted that he could have seen an object twenty feet in front of his car, that he was driving at the rate of fifteen miles an hour, that he could have stopped the car within five or six feet, and that he did not see the traffic post before striking it. His testimony is equivalent to his saying that he did not see what he should have seen in the exercise of due care and did not stop as he should have stopped in time to avert the collision. The instruction is in accord with the principle stated in *Hughes v. Luther,* 189 N. C., 841, which has been cited with approval in *Weston v. R. R.,* 194 N. C., 210, *Davis v. Jeffreys,* 197 N. C., 712, and *Williams v. Express Lines,* 198 N. C., 193.

The briefs filed by the parties present various phases of the law in its relation to the exceptions, but we think it unnecessary to classify and distinguish the principles enunciated in the opinions cited. The case was carefully tried and we find no error for which the defendants should be awarded a new trial.

No error.