This is an action, brought by plaintiff against the defendant, for actionable negligence. H. H. Hobbs, plaintiff's testate, was killed about 7 o'clock on 27 September, 1932, by being struck by a Chevrolet coach automobile driven by one Little on the paved portion of the highway, which was 18 feet wide, on Catawba Avenue, in the town of Cornelius. Little was driving west about 15 or 20 miles an hour, with lights burning on his car. The weather, at the time, was foggy and misty. It was getting dark. Hobbs was going in a northwest direction from Puckett's Store, which is located on the south side of Catawba Avenue, in the business section, about 75 or 100 yards from a street intersection. About the middle of the front of the car struck Hobbs on his right side.
C. A. Webster, a witness for plaintiff, testified in part: "There are two or three places for the people of Cornelius to pass Catawba Avenue. Mr. Hobbs was going toward one of the places or paths that lead to his house when he was stricken. He had not got across the road far enough to get in that path, but there was a path opposite this place. Mr. Hobbs was crossing Catawba Avenue at a northwest angle. He did not go straight across the road. I didn't see him look anywhere as he crossed the road. He walked like he was in a hurry. He always walked that way. He held his head stooped a little. Mr. Hobbs was two-thirds of the way across the street, walking in a northwest direction, at the time he was stricken. He was walking at an angle to the car that struck him. His back was more to the automobile than if he had been walking *Page 219 
straight across. I did not hear a horn blown. The car that struck him was traveling not more than 20 miles an hour. It had its lights burning. When he got to the street, he just walked on out across the street."
Near where Hobbs was struck, there was a street light, but it was not burning. Matches were struck to see whether Hobbs was hurt or bleeding — "Then the street lights came on" — also a flashlight was used. Hobbs' body was lying between 8 and 10 feet under the street light and about 2 feet from the edge of the concrete on the north side of the street. There was no defect in the street. Hobbs was 81 years of age and was employed by the Cornelius Cotton Mill and worked regularly.
The court below instructed the jury as follows: "The plaintiff having rested its cause of action, the defendant having rested, prays the court to instruct you, and the court does instruct you, if you find all the evidence favorable to the plaintiff to be true, the court instructs you that even then the plaintiff would not be entitled to recover, and it is your duty to answer the first issue, which reads as follows: `Was the death of the plaintiff's testate caused by negligence of defendant, as alleged in the complaint?' The jury answered the issue `No.'"
Judgment was rendered by the court below on the verdict. To the foregoing instruction, and the signing of the judgment, the plaintiff excepted and assigned error and appealed to the Supreme Court.
From the entire evidence in this case, we think the court below correct in the charge. The evidence indicates that plaintiff's testate was crossing Catawba Avenue in the town of Cornelius, not at an intersection and in a hurry, without looking, his head stooped. The car that struck him had its lights burning. The fact that the defendant so early in the evening had not turned on the lights of the town had no causal connection with plaintiff's testate's injury. There was no defect in the street. We think the case ofBrady v. Randleman, 159 N.C. 434, is very nearly on "all fours" with the present case and sustains the charge of the court below. We think the case of Speas v. Greensboro, 204 N.C. 239, is distinguishable. The judgment of the court below is
Affirmed. *Page 220