14700

YOUNG v. CITY OF CAMDEN

(198 S. E., 45)

Mr. W. L. DePass, Jr., for appellant,

Messrs. Wittkowsky & Wittkowsky and Murdoch M. Johnson, for respondent,

July 12, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This was an action for personal injuries, resulting from a collision of an automobile driven by the appellant, with the traffic marker or silent policeman placed and maintained in the center of the intersection of DeKalb and Campbell Streets, in the City of Camden.

The action was brought by authority of Section 7345 of our 1932 Code, and upon trial resulted in a nonsuit, granted on the motion of the respondent upon the ground that the

appellant was guilty of contributory negligence as a matter of law.

The accident occurred on the night of April 20, 1937, about two o'clock in the morning, as a result of which the appellant was seriously injured.

The specifications of negligence charged against the city are:

"(a) In maintaining a street within its corporate limits for use of its citizens and the public in a defective condition;

"(b) In failing to keep said street in such proper repair as to enable people traveling in automobiles thereon to travel same without injury;

"(c) In placing said traffic marker in the center of the intersection of DeKalb and Campbell Streets and permitting it to protrude seven (7) or eight (8) inches above the face of the pavement and sinking its base two (2) or three (3) inches into concrete;

"(d) In failing to remove said traffic marker after the City of Camden knew or should have known that it had been the cause of several automobile accidents;

"(e) In failing to provide warning to the traveling public of the danger of said traffic marker;

"(f) In failing to place some light or other suitable signal or reflector upon said traffic marker to warn the public traveling said street in the nighttime of the location and danger of said traffic marker;

"(g) In permitting said traffic marker to become covered with mud and sand, thereby impairing its visibility;

"(h) In failing to light an electric lamp at said intersection or to light the street at and near the place of the collision, thereby constituting a defect in said street."

The appellant narrated the facts and circumstances of the accident as follows:

• "On the 20th day of April, 1937, I was driving an automobile from Columbia toward Camden. Just before you reached the city limits of Camden there are two railroad crossings which are right rough, and it is necessary to come

across them rather slowly. From these tracks right at the city limits, np to this intersection of DeKalb and Campbell Streets is right smart uphill. When I crossed those tracks I proceeded after entering the city of Camden, around 20 or 25 miles an hour. When I reached the intersection of these streets I struck something. When I hit it, I remember flying up on the steering wheel. I don't remember anything else. * * * You would have to be up in the intersection to get your car where your lights come out of the air down on the road and it becomes level. The point at which I struck this obstruction seemed very dark. I don't remember seeing any light there at all. I didn't see anything at all in the road. I had good headlights on the car. I thought I was traveling near the right side of the road. My left front wheel struck this obstruction. * * * There was nothing to obstruct my view if the light in the intersection had been burning, as the car was open, the top being down."

The testimony of the appellant further tended to show that the silent policeman, made of concrete, was firmly implanted in the center of this intersection, and weighed about 150 or 200 pounds; was dome shaped, about ten inches high above the surface of the street, and about a foot and a half wide at its base. The silent policeman had been located there for many years, according to the testimony, had become very dull and drab in hue, resembling in color the pavement, and there was no reflector or other lighting device attached to it.

From other testimony on behalf of the plaintiff, it could reasonably be inferred that the electric light, suspended overhead, was not burning on the night of the accident. It could likewise reasonably be inferred, that at no other intersection on DeKalb Street had the city placed an unlighted silent policeman similar to the one in question.

DeKalb Street, at the point where the collision occurred, is thirty-two feet in width, is a populous street, carrying a heavy tide of traffic, and is a part of United States Highway No. 1. The appellant operated a garage in the City of

Camden, but lived at Westville, several miles away, on State Highway No. 26, which he used in going back and forth from his home to his business. He testified that he did not remember ever seeing the silent policeman with which he collided prior to the accident.

One ground of the respondent's motion for a nonsuit was that the appellant failed to prove any actionable negligence on the part of the city. The lower Court held, and we think correctly so, that the testimony on that point made an issue for the jury.

The question of the liability of a municipality with reference to the maintenance of a traffic marker or silent policeman at a street intersection, seems to have arisen, as yet, in but a comparatively few jurisdictions.

In view of the holding of the lower Court it becomes unnecessary to give time to a discussion of these cases. They undoubtedly sustain the lower Court in its holding. We cite them because of their general applicability. *Valley v. City of Gastonia,* 203 N. C., 664, 166 S. E., 791; *Aaronson v. City of New Haven,* 94 Conn., 690, 110 A., 872, 874, 12 A. L. R., 328; *Riley v. City of Ronceverte,* 108 W. Va., 222, 151 S. E., 174, 175; *City of Vicksburg v. Harralson,* 136 Miss., 872, 101 So.. 713, 39 A. L. R., 777; *Town of Hobart v. Casbon,* 81 Ind. App., 24, 142 N. E., 138; *Titus v. Town of Bloomfield,* 80 Ind. App., 483, 141 N. E., 360; *Speas v. City of Greensboro,* 204 N. C., 239, 167 S. E., 807. See Annotations, 12 A. L. R., 328, 39 A. L. R., 777.

The exercise of due care to keep its streets in a reasonably safe and suitable condition is one of the positive obligations imposed upon a municipal corporation under our statute; and such public thoroughfares must be kept in such physical condition as to be safe for street purposes. *Burnett v. Greenville,* 106 S. C., 255, 91 S. E., 203, Ann. Cas., 1918-C, 363.

But under our statute, a plaintiff suing a municipality, must not only show negligence on the part of the city in its maintenance of the public streets, but

in order to recover, he must also show that he "has not in any way brought about any such injury or damage by his * * * negligent act or negligently contributed thereto."

As was said in *Barksdale v. City of Laurens,* 58 S. C., 413, 36 S. E., 661, 663: "While, in ordinary actions for negligence, contributory negligence by the plaintiff is a matter of defense, and is not available on a motion for nonsuit, yet in this action under the statute it is necessary for plaintiff, as a part of his case, to show that his own negligence did not contribute to the injury; for that is one of the conditions of his right of action against the municipality, which depends wholly upon the statute. Hence, if the evidence on the part of plaintiff does not tend to ·negative contributory negligence on his part, a nonsuit is proper."

In the case at bar, the appellant was nonsuited upon the ground that he was contributorily negligent. And this conclusion, in addition to other considerations, was rested upon the fact that he violated an ordinance of the City of Camden which requires that one driving an automobile must drive to the right of the center of the street. The ordinance in question provides, "That every automobile or motor vehicle, hack or transfer, traveling or passing on or over any of the public streets of the City of Camden, shall keep entirely on the right side of the center of the street, except in case of emergency, so as not to obstruct the passage of any persons, carriages, animal, or thing on the other side of the center thereof."

What was said by our Court in *Lancaster et al. v. City of Columbia,* 104 S. C., 228, 88 S. E., 463, affirming a judgment in favor of the plaintiff, is pertinent here. In that case, the Court had under consideration a similar ordinance, which required a pedestrian on the sidewalk to go to the right, it appearing that the plaintiff was going to the left, and in so doing stumbled and fell over a projecting root. "The ordinance was manifestly made to prevent collisions betwixt persons moving on the same pavement in opposite

directions. There was no collision in the instant case." (Page 464.)

The case of *Jeffords v. Florence County,* 165 S. C., 15, 162 S. E., 574, 81 A. L. R., 313, involved the decision of a question quite similar to the question now before us. It was there contended that the plaintiff's own testimony showed that he was traveling to the left of the center of the road, whereas if he had been traveling to the right as directed by the statute, the injury would not have occurred.

In that case (as in this), the plaintiff did not admit that he was traveling to the left of the center of the road, but contended that he was traveling to the right of the center, because the road had been widened, in consequence of which the center line had shifted. The Court said (page 577) : "But, if it be conceded that he was traveling to the left of the center of the road, that fact alone cannot have the effect for which defendant contends, unless it is made to appear that he was thereby obstructing the passage of any other person, carriage, animal, or thing on the other side of the center thereof."

Continuing, the Court said :

"The argument [defendant's] is predicated upon the fact, as defendant contends, that, it having been shown that plaintiff was traveling on the left of the center of the road, he was guilty of negligence *per se* because he did so in violation of the provisions of the statute, and that negligence, if it contributed in any way to his injury, would defeat his recovery. In other words, it was not necessary for defendant to show that such negligence *per se* was the proximate cause, or contributed as a proximate cause to the injury.

"In *Cirsosky v. Smathers,* 128 S. C. [358], 363, 364, 122 S. E., 864, 866, this Court * * * held that : 'The violation of a statute, although declared negligence *per se,* must be shown to have been the proximate cause of the injury, or at least a contributing proximate cause, is abundantly shown by the authorities and sustained by common sense and justice.' "

Also see *Walker v. Lee,* 115 S. C., 495, 106 S. E., 682; *Oglesby v. Rhea,* 124 S. C., 57, 117 S. E., 303; *Sims v. Eleazer,* 116 S. C., 41, 106 S. E., 854, 24 A. L. R., 1293; *Smoak v. Martin,* 108 S. C., 472, 94 S. E., 869.

However, it is contended by the appellant that he did not violate the ordinance by driving to the left of the center of the street, unless the center can be deemed to be a central strip a foot and a half wide, that being the width of this concrete marker or silent policeman. That the center of the street consists of a dead area or strip a foot and a half wide is a contention not advanced by the city, and if advanced it would be untenable. It is argued by the appellant, that it may reasonably be inferred from the evidence, that his automobile collided with the right-hand side of the silent policeman, which projected beyond the right of the center of DeKalb Street, and, we think it may be so inferred.

But laying this contention aside, it is obvious that in suits for negligence, if the contributing conduct of the plaintiff is to be considered as a whole, it may sometimes be found that he has not been guilty of actionable negligence or fault, although he has violated the law. One element of his action may be neglect of a duty prescribed by a statute, when there are other concurring elements which show that his course was entirely justifiable. *Newcomb v. Boston Protective Department,* 146 Mass., 596, 16 N. E., 555, 4 Am. St. Rep., 354.

In *Chesapeake & O. Ry. Co. v. Jennings,* 1900, 98 Va., 70, 34 S. E., 986, the Court said (page 988):

"There is a marked distinction between the effect upon the right of a plaintiff to recover for an injury when it is shown that he was at the time violating a statute, the object of which is to prevent undue wear and tear of bridges, and the effect upon the defense of contributory negligence when it is shown that the defendant has failed to perform a positive duty imposed upon him by law, having for its object the protection of the public. * * * The fact that a party injured was at the time violating the law does not put him

out of protection of the law. He is never put by the law at the mercy of others. If he is negligently injured on the highway, he may have redress, notwithstanding that at the time he was on the wrong side of the way, provided this fact did not contribute to the injury. * * * The element of proximate cause must be established, and will not be presumed from the fact that an ordinance or statute has been violated * * *."

The Massachusetts Court in the *Newcomb case,* in holding that the trial Court rightly refused to charge as requested, that the plaintiff could not recover if, at the time of the accident, he was violating the ordinance, and so doing an unlawful act, said (page 559):

"This request ignored the distinction between illegality which is a cause, and illegality which is a condition, of a transaction relied on by a plaintiff, or between that which is an essential element of his case when all the facts appear, and that which is no part of it, but only an attendant circumstance. The position of a vehicle which has been struck by another may or may not have been one of the causes of the striking. Of course, it could not have been struck if it had not been in the place where the blow came. But this is a statement of an essential condition, and not of a cause of the impact. The distinction is between that which directly and proximately produces or helps to produce a result as an efficient cause, and that which is a necessary condition or attendant circumstance of it. If the position of the plaintiff's vehicle was such as, in connection with ordinary and usual concurring causes, would naturally produce such an accident, that indicates that it contributed to it. But, even in that case, external causes may have been so exclusive in their operation, and so free from any relation to the position of the vehicle, as to have left that a mere condition, without agency in producing the result; that is, a contributing cause of an accident, is usually a question for a jury, to be determined by the facts of the particular case; and such it has been held to be in many cases like the one before us."

For comprehensive note on the subject see 12 A. L. R., 458.

In *Marx v. Chicago Daily News Co.,* 1915, 194 Ill. App., 322, the Court applied the rule that "to constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence."

The question, whether the appellant's violation of the city ordinance, if he violated it, was a proximate contributing cause of the injury in question, depends, therefore, upon the question whether the appellant in driving on the left of the center, if he did so, ought reasonably to have anticipated, as a natural and probable consequence of his negligence in that respect, that his automobile would collide with the silent policeman. Doubtless, the appellant might reasonably have anticipated that, as a natural consequence of his act, he or his car might be injured by others legitimately using that side of the street; but we think it cannot be held as a matter of law, that a reasonably prudent man, situated as the plaintiff was just before the accident, would have anticipated that as a natural consequence of his negligent act, he would collide with a silent policeman, the presence and location of which was unknown to him, and which was unlighted, and hardly distinguishable from the pavement itself.

In our opinion, under all the facts and circumstances of this case, the question of actionable negligence on the part of the city and the question of contributory negligence on the part of the appellant, should have been submitted to the jury under proper instructions.

It therefore follows that the trial Court was in error in ordering a nonsuit.

Judgment reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

.MR. JUSTICE CARTER did not participate on account of illness.