JERRY LEE GILES *v.* TONNA JO FORTUNE, B/N/F
NELSON FORTUNE, JR.

[No. 1-1272A112. Filed July 5, 1973. Rehearing denied August 9, 1973.
Transfer denied November 13, 1973.]

*B. Curtis Wilkinson, Myrl O. Wilkinson, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, for appellant.

*Thomas H. Hicks, Mann, Mann, Chaney, Johnson and Hicks,* of Terre Haute, for appellee.

ROBERTSON, P.J.—The five year old plaintiff-appellee (Fortune) was struck and injured by an automobile driven by the defendant-appellant (Giles). Liability was admitted by Giles with the cause being tried before a jury for the purpose of determining damages. The jury returned a verdict which reads:

"We, the jury, find for the plaintiff and against the defendant in the sum of medical payments 100% and punitive damages of Dollars ($20,000)."

That portion of the verdict that is underlined represents the jury's handwritten portion of an otherwise typewritten form of verdict. Giles moved for a judgment on the evidence or in the alternative for a new trial. The court, in overruling the motion, held, in part:

"And the Court being advised now FINDS that there was no evidence introduced at the trial relating to punitive damages and that the words in the verdict relating to medical payments and punitive damages, to wit: . . . Medical payments 100% and punitive damages of . . . are surplusage and should be stricken from the jury's verdict.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiff recover of the defendant damages in the amount of Twenty Thousand Dollars ($20,000.00), together with her costs in this cause laid out and expended. . . ."

Giles raises the following issues in his overruled motion to correct errors:

1) The verdict awarding medical and punitive damages is outside of the issues and is not supported by and is contrary to the evidence and the law;

2) Punitive damages are not recoverable in this type of action;

3) The court erred in modifying the verdict thereby depriving defendant of his constitutional right to a jury trial and there was error in overruling the motion for judgment on the evidence or a new trial;

4) The trial court erred in not giving Giles' tendered instruction which said medical care, service, and treatment are not recoverable in this cause;

5) The verdict (in case all of the above arguments fail) is excessive.

The keystone of Giles' argument supporting his first three assignments of · error is an absolute supposition that the words "punitive damages" as written by the jury, carry the strict legal connotation and as such exclude any damages as being compensatory in nature. We are not willing to view the questioned words within that narrow meaning. This particular jury had no way of knowing what punitive damages were in the legal meaning of the term. The usage of the words could just as easily be ascribed to a well meaning, but ill-informed, juror attempting to compensate the plaintiff for her injuries.

Moreover, we are of the opinion that Giles argument regarding "medical payments 100%" is misdirected, if for no other reason than the record reveals there was no award based upon medical expenses.

The question then becomes one of whether or not the jury returned a verdict so defective as to constitute reversible error. We believe the verdict cannot be characterized as such.

Indiana law on the question of what constitutes a defective verdict was formulated, for the most part, by cases measuring the sufficiency of the now obsolete motion for a *venire de novo*. In the *Town of Hobart* v. *Casbon* (1924), 81 Ind. App. 24, 142 N.E. 138, quoting from *Kelley* v. *Bell* (1909), 172 Ind. 590, 88 N.E. 58, it was said:

" '. . . The rule in this State is, that a motion for a venire de novo will not be sustained, unless the verdict is so defective and uncertain upon its face that no judgment can be pronounced upon it. *A verdict, however informal, is good if the court can understand it. It is to have a reasonable intendment, and is to receive a reasonable construction, and must not be avoided, except from necessity.*' " (Emphasis added.) 81 Ind. App., at 27.

We believe the law as stated in the foregoing remains as a viable guide for the court even though a *venire de novo* has been abolished by TR. 50(E). The trial judge properly understood the verdict to award $20,000 to the injured plaintiff, therefore, the trial judge did not usurp the function of the jury nor did he deny Fortune's right to a trial by jury. The fact that the jury ineptly labeled the verdict as "punitive" is of no legal consequence in view of the evidence heard and the instructions received by them.

Giles tendered an instruction which said that medical care, treatment or service could not be recovered in this case. Hindsight would indicate that giving the instruction may have simplified matters, but that it is not the test. The final instruction on damages, as given to the jury, reads:

"I instruct you that the verdict should be for the plaintiff and that you must determine the amount of money which will fully and fairly compensate her for those elements of damage which were proved from a preponderance of the evidence to have resulted from the negligence of the defendant. You may consider:
  (a)  The nature and extent of the injuries;
  (b)  Whether the injuries are temporary or permanent;
  (c)  The physical pain and mental suffering experienced as a result of the injuries up to the present time;
  (d)  The physical pain and mental suffering, if any, reasonably certain to be experienced in the future as a result of the injuries;
  (e)  Any disfigurement resulting from the injuries;
  (f)  The life expectancy of the plaintiff.
You are to determine whether these elements of damage have been proved by a consideration of the evidence relating to damages. Your verdict must be based on that evidence and not on guess or speculation."

This instruction adequately and correctly informed the jury on the issue of the elements of damage to be considered. Giles tendered instruction was properly refused.

Finally, we do not believe the damages in this cause to be so "outrageous as to impress us at 'first blush' with its enormity." *Lloyd* v. *Weimert* (1970), 146 Ind. App. 666, 257 N.E.2d 851. The evidence shows that Fortune was hospitalized for a month in traction. Pins were surgically inserted and removed from her broken leg with the resultant scars. She missed more than three months of school, causing her to be retained in the same grade for another year. She has nightmares about the accident and fears riding in an automobile. We are of the opinion that the award of $20,000 is supported by the evidence.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTES.—Reported at 298 N.E.2d 34.